[L. A. No. 7524. In Bank.—July 6, 1923.]

## LOUISE LAWLOR REYNOLDS, Appellant, v. LYNN FAIRFIELD REYNOLDS, Respondent.

[1] APPEAL.—In an action for divorce an order refusing to vacate and set aside the findings, interlocutory and final decrees is not an appealable order because both the interlocutory and final decrees were appealable.

APPEAL from an order of the Superior Court of Los Angeles County refusing to set aside findings, interlocutory and final decrees of divorce. Russ Avery, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

Francis G. Burke and N. A. Courtright for Appellant.

Ray L. Chesebro and Edward T. Winterer for Respondent.

WILBUR, C. J.—This is an action for divorce. The plaintiff appeals from an order of the trial court refusing to vacate and set aside the findings, interlocutory and final decrees of divorce. It appears from the record that the court, upon the trial, decided that neither party was entitled to a divorce, although both had asked for one on the ground of extreme cruelty. The findings negative all of the allegations of cruelty made by the wife, who was plaintiff, but found affirmatively that the plaintiff had struck and threatened the defendant, had pulled his hair and had called him some abusive epithets, and had taken a revolver and threatened to shoot the defendant; that she had assaulted him with a pair of shears, had knocked his tooth loose by a blow of her fist, and had kicked him on his legs and in the abdomen.

The court further found: "That the said facts hereinbefore found do not amount to and are not sufficient to constitute extreme cruelty." As a conclusion of law upon these facts the court declared that neither party was entitled to a decree of divorce. These findings were made October 8, 1918, and filed October 9, 1918, and on October 8, 1918, the

court signed a decree denying a divorce, which decree was entered October 9, 1918.

On February 11, 1919, defendant served notice of motion to vacate the decree, and change the conclusions of law so as to declare that the defendant was entitled to a decree of divorce upon the ground of extreme cruelty. This motion was granted April 15, 1919, the decree denying the divorce was vacated and an interlocutory decree of divorce entered upon the findings theretofore made, and upon the amended conclusions of law. More than a year thereafter, on December 21, 1921, the final decree of divorce was entered.

On August 14, 1922, after due notice dated July 27, 1922, the plaintiff moved for the vacation of the interlocutory and final decrees upon the ground that the decree denying a divorce had become final before the application for its vacation was made and that the court therefore had no jurisdiction to alter that judgment. The motion was denied September 6, 1922, and from this order denying her motion the plaintiff appeals.

At the outset it should be noted that the interlocutory decree of divorce entered April 15, 1919, was an appealable order, whether considered as an order made after final judgment or as an interlocutory decree of divorce. No appeal was taken from this decree, and it had become final long before the application here under consideration was made. The parties were present upon due notice at the time of the application of the defendant for the change of the conclusions of law. They had settled their property rights by contract, executed April 12, 1919, filed April 15, 1919, on the day of the granting of the motion, and approved by the trial judge on that date. This agreement recited that an interlocutory decree of divorce was granted April 9, 1919, although as a matter of fact the interlocutory decree was made April 15, and entered April 17, 1919. Furthermore, a stipulation was signed and filed by the attorneys, dated April 15, 1919, "that the court may immediately upon filing the findings of fact and *amended* conclusions of law enter its judgment in the above-entitled action, and incorporate therein the contract between the parties." (Italics ours.) Under these circumstances it is evident that the amendment to the findings and conclusions was the result of a stipulation of the parties inviting the court to make the order in question.

[1] The order appealed from is not an appealable order because both the interlocutory and final decrees were appealable (*De la Montanya* v. *De la Montanya,* 112 Cal. 101 [53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345]; *Estate of Gregory,* 122 Cal. 483 [55 Pac. 144]; *Estate of Baker,* 170 Cal. 578 [150 Pac. 989]).

The rule is well stated in 2 California Jurisprudence, section 30, page 164, as follows:

"If the grounds upon which the party sought to have a judgment vacated existed before the entry of the judgment and would have been available on an appeal from the judgment, an appeal will not lie from an order refusing the motion. The party aggrieved by a judgment or order must take his appeal from such judgment or order itself, if an appeal therefrom is authorized by statute, and not from a subsequent order refusing to set it aside. The reason for denying an appeal in the latter case is not because the order on the motion to vacate is not within the terms of section 963 of the code allowing appeals, for it may be; and indeed, an order refusing to vacate a final judgment is in its very nature a special order made after judgment, but because it would be virtually allowing two appeals from the same ruling, and would, in some cases, have the effect of extending the time for appealing contrary to the intent of the statute. A further reason is that the order on the motion is merely negative action of the court declining to disturb its first decision. The first decision being reviewable, the refusal to alter it any number of times will not make it less so."

Appeal dismissed.

Lawlor, J., Myers, J., Waste, J., Seawell, J., and Kerrigan, J., concurred.