[Sac. No. 3987. In Bank.—May 5, 1927.]

CALIFORNIA DELTA FARMS, INC. (a Corporation), Respondent, v. CHINESE AMERICAN FARMS, INC. (a Corporation), Appellant.

[1] APPEAL—MOTION FOR DIFFERENT JUDGMENT—APPEAL FROM ORDER DENYING.—An order denying a motion to vacate a judgment and to enter a different one is appealable as a special order made after final judgment.

[2] ID.—SECTIONS 663, 663A, CODE OF CIVIL PROCEDURE—CONSTRUCTION —REMEDIES.—Section 663 of the Code of Civil Procedure, providing for a motion to set aside a judgment and enter a different one, and section 663a of said code, providing for an appeal from an order granting such a motion, were not designed to affect

---

1.  See 14 Cal. Jur. 984.

the remedy by appeal existing before their enactment, but were intended to provide a remedy in addition thereto.

(1) 3 C. J., p. 518, n. 49, p. 519, n. 58, p. 523, n. 16, p. 525, n. 18.
(2) 3 C. J., p. 519, n. 61 New; 4 C. J., p. 670, n. 92.

MOTION to dismiss an appeal from an order of the Superior Court of San Joaquin County denying a motion to vacate a judgment. George F. Buck, Judge. Denied.

The facts are stated in the opinion of the court.

A. B. Bianchi, Manson & Allan, Albert H. Elliot and Bianchi & Hyman for Appellant.

Nutter, Hancock & Rutherford and A. P. Payne for Respondent.

WASTE, C. J.—Judgment, based upon findings, was entered in the court below, in favor of the plaintiff and against the defendant, in an action brought for the cancellation of a contract, possession of real property, and for equitable relief. The defendant did not appeal from the judgment, but made a motion, pursuant to the provisions of section 663 of the Code of Civil Procedure, to have the judgment vacated and set aside and another and different judgment entered, on the ground that the conclusions of law were incorrect and erroneous and not consistent with or supported by the findings of fact. The motion was denied and the defendant appealed from the order denying the motion. The respondent now moves to dismiss the appeal upon the ground that the order appealed from is not an appealable order.

[1] Section 663 of the Code of Civil Procedure provides that a judgment, when based on findings of fact made by the court, may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered when the conclusions of law are incorrect or erroneous, not consistent with or not supported by the findings. Section 663a provides that an order of the court granting a motion for a substituted judgment may be reviewed on appeal in the same manner as a special order made after final judgment. No

provision is therein made for an appeal from an order denying the motion, but the decisions are to the effect that such an order is also appealable.  (*Rahmel* v. *Lehndorff*, 142 Cal. 681 [100 Am. St. Rep. 154, 65 L. R. A. 88, 76 Pac. 659]; *Condon* v. *Donohue*, 160 Cal. 749 [118 Pac. 113]; *Westervelt* v. *McCullough*, 64 Cal. App. 362 [221 Pac. 661]; *Andreoli* v. *Hodge*, 71 Cal. App. 762, 766 [236 Pac. 333].)

There should be no uncertainty on the question.  The decisions hold that an order denying a motion to vacate and to enter a different judgment is appealable as a special order made after final judgment.  The exact question here presented was raised in *Bond* v. *United Railroads*, 159 Cal. 270 [Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687, 113 Pac. 366], and the court said (p. 273): ''By section 963 of the Code of Civil Procedure, an appeal may be taken from any special order made after final judgment.  This order [denying a motion to vacate, and to enter a different judgment] is one of that kind.  It is an order authorized by section 663 of the Code of Civil Procedure.  Section 663a of the Code of Civil Procedure declares that an order '*granting* such motion may be reviewed on appeal in the same manner as orders made on motions for a new trial.' This was intended either to authorize a review of such an order on appeal from the judgment afterward made in pursuance of it, or to authorize a direct appeal from the order itself.  In either case it should not be construed so as to affect the right given by section 963 to appeal from an order *denying* the motion, as from an order made after judgment.  Respondent's position in that behalf is untenable.''

Therefore, notwithstanding the obvious fact that on an appeal from a judgment which the court below refuses to set aside, the very same matters may be reviewed, and a reversal can be ordered and the court below directed to enter the judgment which the findings justify, it seems definitely settled that our law gives a separate appeal from an order made by the court on the motion referred to in sections 663 and 663a.  (*Spotton* v. *Superior Court*, 177 Cal. 719, 721 [171 Pac. 801].)  When conclusions of law are claimed to be erroneous, and not consistent with or not supported by the findings, the moving party may proceed under sections 663 and 663a.  When this course is not pur-

sued there must be an appeal from the judgment, or the sufficiency of the findings to support the judgment cannot be considered. (*Swift* v. *Occidental Min. etc. Co.,* 141 Cal. 161, 165 [74 Pac. 700].) **[2]** These sections were not designed to affect the remedy by appeal existing before their enactment, but were intended to provide a remedy in addition thereto. (*Patch* v. *Miller,* 125 Cal. 240 [57 Pac. 986].)

The authorities relied on by the respondent in support of its motion are based on the well-established rule, generally applicable, that an order refusing to vacate a judgment or order does not present any facts for consideration other than those which are presented upon appeal from the judgment itself. (*Reynolds* v. *Reynolds,* 191 Cal. 435 [216 Pac. 619]; *Estate of Baker,* 170 Cal. 578 [150 Pac. 989]; *Bell* v. *Solomons,* 162 Cal. 105 [121 Pac. 377]; *Title Ins. & Trust Co.* v. *California Dev. Co.,* 159 Cal. 484 [114 Pac. 838]; *Lindgren* ,v. *Weaver,* 80 Cal. App. 660 [252 Pac. 669].) They have no application to the special motions authorized by section 663 of the Code of Civil Procedure.

The motion to dismiss the appeal is denied.

Shenk, J., Langdon, J., Preston, J., Curtis, J., Richards, J., and Seawell, J., concurred.