[L. A. No. 10406. In Bank.—May 14, 1928.]

ANNA GRAZIDE ALVARADO et al., Appellants, v. FANNIE STANTON, as Executrix, etc., et al., Respondents.

John C. Stick, and Stick, Moerdyke, Gibson & Untereiner for Appellants.

A. W. Sorenson and Kemper Campbell for Respondents.

WASTE, C. J.—Respondents move to dismiss appeals from two original judgments. The actions and the parties are the same as those referred to in the decision dismissing two appeals from the substituted judgments. (*Alvarado v. Stanton*, L. A. No. 9787, *ante*, p. 172 [267 Pac. 313].) Judgment was originally given in each action in favor of the defendants, now the respondents here, and notices of entry of judgment were served on the plaintiffs on the sixth day of July, 1926. Orders denying motions for a new trial made by the plaintiffs in each of the actions were regularly entered on the twenty-first day of July, and notices of the giving of such orders were served upon the plaintiffs on the twenty-first day of September, 1926. Sixteen months

later, on January 28, 1928, the plaintiffs filed their notice of appeal from the judgments.

In explanation of their failure to give timely notice of appeal, the appellants rely upon the fact that, after the court denied their motions for new trial, it granted another motion made by them under sections 663 and 663a of the Code of Civil Procedure, and vacated and set aside the original judgments and entered other and different judgments in their stead. The substituted judgments were annulled by this court on *certiorari* (*Stanton* v. *Superior Court*, 202 Cal. 478 [261 Pac. 1001]), and plaintiffs' appeals therefrom have been dismissed. (*Alvarado* v. *Stanton*, L. A. No. 9787, *supra*.) But, because of the pendency of the matters arising from the motions to vacate and set aside the original judgments and to substitute others, the appellants contend that their time to appeal from the original judgments was thereby extended until the final determination of the proceedings in this court. That is not the law. The proceeding authorized by sections 663 and 663a, *supra*, has no connection with an appeal from a judgment. It in no manner or degree affects or controls the latter proceeding. (*Modoc Co-operative Assn.* v. *Porter*, 11 Cal. App. 270, 274 [104 Pac. 710].) Such a motion is not a proceeding on motion for new trial, and does not extend the time within which an appeal must be taken from the original judgment. (*Spotton* v. *Superior Court*, 177 Cal. 719 [171 Pac. 801]; see, also, *California Delta Farms* v. *Chinese American Farms*, 201 Cal. 201 [255 Pac. 1097].)

The appeals from the original judgments are, and each is, dismissed.

Richards, J., Shenk, J., Langdon, J., Preston, J., and Curtis, J., concurred.

Rehearing denied.

All the Justices concurred.