[Civ. No. 6974. First Appellate District, Division One.—June 19, 1929.]

GWYNETH HELBUSH, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Harry I. Stafford and George Clark for Petitioner.

No appearance for Respondents.

THE COURT.—Petitioner has applied for a writ of *certiorari* to annul a final decree of divorce granted *ex parte* on April 10, 1929, by the Superior Court in and for the City and County of San Francisco. The facts upon which the application is based, as they are set forth in the petition, are as follows: On January 18, 1924, petitioner obtained an interlocutory decree of divorce from her husband upon the ground of extreme cruelty. After a lapse of five years, to wit, on February 15, 1929, she presented a motion to vacate said decree upon the ground, as stated in the affidavit filed in support of the motion, that shortly after the entry of the interlocutory decree the parties became reconciled and afterward cohabited with each other openly, notoriously and continuously as husband and wife from July, 1924, until January, 1929, a period of nearly five years. The motion was contested, and on April 5, 1929, was denied. Five days thereafter, to wit, on April 10, 1929, petitioner's husband, being at the time represented by counsel who had not theretofore appeared of record in the divorce proceeding, applied *ex parte* to another department of said court for a final decree of divorce. At that time the record of the proceeding to set aside the interlocutory decree was brought to the court's attention, including the contents of the affidavit filed therein, showing that the parties had become reconciled and

lived together for a period of nearly five years immediately preceding January, 1929; and counsel for petitioner's husband then stated that for the reasons set forth in said affidavit their client was unable to comply with rule 26 of the Judicial Council regulating the business of superior courts, which provides in substance that as a prerequisite to the granting of a final decree of divorce the applicant shall file and present an affidavit setting forth that since the rendition of the interlocutory decree the parties have not become reconciled, nor lived or cohabited together; but it was claimed that it was beyond the power of the Judicial Council to adopt such a rule. The final decree of divorce was granted, and petitioner now contends that by reason of the court's knowledge, imparted by said affidavit, as to the reconciliation of the parties, and the noncompliance with said rule 26 of the Judicial Council, the court was without jurisdiction to grant said final decree.

■ With reference to the exercise of the power of this court to grant a writ of *certiorari*, it is pointed out by the case of *Stoddard* v. *Superior Court*, 108 Cal. 303 [41 Pac. 278], that even though a court be without jurisdiction to make an order or decree, if such order or decree "is appealable, *certiorari* will not lie, because it lies only where 'there is no appeal' (Code Civ. Proc., sec. 1068). In this respect," says the court, "it differs from *mandamus* and prohibition, which lie *'in all cases* where there is not a plain, speedy, and adequate remedy in the ordinary course of law' (Code Civ. Proc., secs. 1086, 1103). With respect to *certiorari* the language of the code is 'when . . . there is no appeal, *nor*, in the judgment of the court, any plain, speedy, and adequate remedy (Code Civ. Proc., sec. 1068). In *Stuttmeister* v. *Superior Court*, 71 Cal. 322 [12 Pac. 270], the authorities on the point are collated; and it was there declared that 'the writ (*certiorari*) will not lie when there is an appeal from the action complained of,' and 'the writ is not given in lieu of an appeal, but only to review errors in excess of jurisdiction *for which an appeal does not lie.*' (See cases cited in opinion of Searls, C., also *In re McConnell,* 74 Cal. 217, 219 [15 Pac. 746]; Hayne on New Trial and Appeal, sec. 307.)"

The determinative question presented by the petition herein is, therefore, whether petitioner has a remedy by

appeal either from the final decree of divorce or from any adverse order which might be made pursuant to a motion to set aside the final decree. That an appeal will lie generally from a final decree of divorce was held in the case of *Reynolds* v. *Reynolds,* 191 Cal. 435 [216 Pac. 619]. There the trial court concluded from the facts found that neither party was entitled to a divorce and entered its decree accordingly; subsequently, on motion of the defendant and after the time for appeal from the decree had expired, the court vacated the decree, set aside its conclusions of law, and granted defendant an interlocutory decree of divorce; and at the expiration of one year entered the final decree in accordance with the terms of the interlocutory decree. Thereafter the plaintiff in the action moved to vacate both the interlocutory and final decrees upon the ground that the decree denying the divorce became final before application was made to set it aside, and that consequently the court lost jurisdiction to alter said decree. The motion was denied, and plaintiff appealed. It was held that the order denying the plaintiff's motion was not appealable "because both the interlocutory and final decrees were appealable" (citing among other authorities *Estate of Baker,* 170 Cal. 578 [150 Pac. 989]). A qualified rule is declared in the case of *Huneke* v. *Huneke,* 12 Cal. App. 199 [109 Pac. 131] (hearing by Supreme Court denied). There it was held that if the final decree is in effect merely a restatement and reaffirmance of the provisions of the interlocutory decree, no appeal lies from the final decree because the interlocutory decree is appealable. In this regard the court said: "The mere fact that the final decree restated and reaffirmed the previous judgment made and entered at the time of the trial and included in the interlocutory judgment conferred no right of appeal as to matters involved and finally determined by the interlocutory judgment even though it should be said that the effect of section 131, Civil Code, is to hold in abeyance the execution of the final judgment as to the property rights until the entry of the final decree of divorce."

It is a general rule also that an order refusing to vacate a final judgment is not appealable, if the grounds upon which the party sought to have the judgment vacated existed before the entry of the judgment, and were available on an appeal from the judgment, the main reason for the

rule being that if such an appeal were allowed it would be virtually allowing two appeals from the same ruling, one from the judgment and the other from the negative action of the court declining to disturb the judgment. (2 Cal. Jur. 164.) ▆▆ But, as indicated by the statement of the rule, there are certain exceptions to its general application, one of them being that an appeal from an order refusing to set aside a final judgment will lie where there is no method by which the right of the appellant to the relief sought by him can be presented to the appellate court and the facts on which he bases his claim to relief do not appear from an inspection of the judgment-roll. (*De La Montanya* v. *De La Montanya*, 112 Cal. 101 [53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345] ; *Estate of Baker, supra.*) In the former case, which was one for divorce, wherein the decree was obtained upon a constructive service of summons and the trial court made certain provisions as to the care and custody of the minor children, the Supreme Court said: ''It is also claimed that no appeal lies to this court from an order refusing to set aside the judgment because the judgment was appealable. To this proposition many decisions of this court are cited. I do not care to review these cases. No doubt it has been held, and I think correctly, that when a motion is made to vacate an order under such circumstances that it merely calls upon the court to repeat or overrule the former ruling on the same facts, the last order is not appealable, not because the last order is not within the terms of section 963 of the code allowing appeals, for it may be; but because it would be virtually allowing two appeals from the same ruling, and would, in some cases, have the effect of extending the time for appealing contrary to the intent of the statute. Nor will such practice be allowed merely to permit a litigant to take an exception, or get a bill of exceptions, which he has neglected to do at the proper time. But I see no reason why this appeal should not be entertained. It is plainly within the terms of the statute allowing appeals, and no other method is suggested in which the right of the appellant to the relief sought could be considered here. An appeal upon the judgment-roll would not present all the facts upon which the motion is based—even if one may have a bill of exceptions when he has not been in court, and has taken no exceptions. Besides, it is a case in which it was eminently

proper, if not necessary, that relief should first be asked from the trial court. Its action could not have been asked in any other mode. The defendant was not in court, and had no opportunity to be heard.''

The *Estate of Baker, supra,* which, as will be noted, was cited in *Reynolds* v. *Reynolds, supra,* in support of the rule there announced, is to the same effect. In that case the contestant to a will died before the trial of the contest, and on the day set for trial the fact of her death was made known to the court, whereupon the proponents of the will moved for and obtained a dismissal of the contest upon the ground that the right to contest a will did not survive the death of the contestant. About two months later an administrator of the estate of the deceased contestant was appointed, and he moved for an order vacating the judgment of dismissal and for a substitution of himself as the contestant. The motion was denied and he appealed from the order of denial. The proponents of the will then moved for the dismissal of the appeal upon the ground that said order was not appealable, contending that the only appeal afforded was one from the judgment of dismissal and that since no such appeal was taken, an appeal from the subsequent order would not lie. In ruling adversely upon the motion the court first recognized the existence of the general rule that no appeal lies from an order refusing to vacate an order or judgment, stating that if the rule were otherwise a losing litigant would be afforded two appeals, one from the final judgment and the other from the order denying the motion to vacate said judgment. ''But,'' says the court, ''there are a large number of cases arising under an entirely different state of facts where the reason for the rule being otherwise, the rule itself is otherwise. In those cases two appeals are not permitted, but, to the end that justice may be done, one appeal is permitted from an order refusing to vacate a judgment or decree when, for reasons involving no fault of the appealing party, he has never been given an opportunity to appeal directly from the judgment or decree. These are cases where one's rights or interests are injuriously affected by a judgment or by an appealable order in litigation to which he is not formally a party, or in which, if a party, he has not received due notice, so that as to him the judgment or appealable order is made *ex parte.* In such cases it is always permissible for the

one injured to make himself a party to the litigation, if he has not been a party, and, after he has thus submitted to the jurisdiction of the court, to move the vacation of the decree or appealable order injuriously affecting his interest, and to appeal if the motion be denied. The same right is open to one who is a party to the litigation and against whom such an order or decree has been given improperly and *ex parte.* These cases, of course, arise when the motions are made after the time limited by law for the appeal has expired. The moving parties, for the indicated reasons, have not been able to avail themselves of the right to appeal. And only by this method can they be protected in this valuable right. Our cases so holding are numerous. Says this court in *Elliott* v. *Superior Court*, 144 Cal. 501 [103 Am. St. Rep. 102, 77 Pac. 1109] : 'He may make himself a party by moving to set aside such judgment or order, and, if his motion is denied, may, on appeal from that order, have the proceeding of which he complains reversed, not only for excess of jurisdiction, but for error.' And in *Pignaz* v. *Burnett,* 119 Cal. 157 [51 Pac. 48], this court further declares: 'As to every order finally disposing of the rights of the parties, as to any matter involved in the litigation—orders, final in the sense that the question cannot be again considered in the case—the parties affected have a right to be heard. When they are made *ex parte*, the right to move to vacate the order, and upon such motion to show cause against the order, is implied. In such case the only appeal which can avail is an appeal from the order refusing to vacate. In no other way, where evidence is submitted, can the appellant present to this court his showing against the order. To say he cannot do this is to deny him his right of appeal.' '' Continuing, the court says that the class of cases above mentioned '' . . . is so widely different from the generality of cases that it may not even be fairly said to constitute an exception to the general rule . . . ''

A case which might be cited as not falling within the foregoing exception is *Spitzer* v. *Superior Court*, 74 Cal. App. 494 [241 Pac. 270] (hearing denied by the Supreme Court). There the petitioner sought a writ of prohibition to prevent the granting of a final decree of divorce, but it having appeared from the facts that petitioner had made a showing in opposition to the granting of the final decree, the writ was

denied upon the ground, among others, that if the final decree were granted, he would be afforded a full remedy by appeal therefrom.

■ Summarizing the situation in the present case, it appears, first, from a comparison of the terms of the final decree with those of the interlocutory decree, that the former is merely a restatement and reaffirmance of the latter; secondly, that, owing to the fact that the final decree was granted *ex parte,* petitioner was given no opportunity to resist the granting of the same and consequently was afforded no opportunity to lay a record for an appeal to be taken by way of a bill of exceptions or pursuant to the alternative method provided by section 953a of the Code of Civil Procedure; thirdly, that the alleged error or want of jurisdiction does not appear from the judgment-roll because there is no statutory requirement that the affidavit which shall be made pursuant to rule 26 of the Judicial Council as a prerequisite to obtaining a final decree of divorce shall be made a part of the judgment-roll; and fourthly, that the record of the proceeding had pursuant to the motion to set aside the interlocutory decree cannot serve as a record on appeal from the final decree because the motion upon which that proceeding was based was directed against a different decree, and was heard before and determined by a different judge. In that state of the record it is evident that any appeal which might be taken from the final decree of divorce would be valueless because, without fault on petitioner's part, there would be no record showing the alleged error or want of jurisdiction in granting such final decree.

■ That being so, and in view of the rule declared in *De La Montanya* v. *De La Montanya, supra,* and *Estate of Baker, supra,* we are of the opinion that petitioner may, if she has not already done so, move to set aside the final decree upon the grounds urged herein for its annulment, and, if the motion be denied, may appeal from the order made in that behalf. Therefore, being given such right of appeal, she is not entitled to a writ of *certiorari* to serve the purpose of such appeal.

■ In further support of the application herein it is alleged that, unless the latter be granted, petitioner's husband will dissipate, secrete and dispose of the community property, valued at more than a million dollars, and that as a con-

sequence petitioner will be deprived of her legal right to share therein. But, as held in the case of *Stoddard* v. *Superior Court, supra,* it is only where "there is no appeal, *nor,* in the judgment of the court, any plain, speedy and adequate remedy," that a writ of *certiorari* will lie. Therefore, since, as shown, petitioner is afforded such a remedy, the question of whether it may or may not be a speedy and adequate remedy becomes an immaterial matter.

For the reasons stated the application for the writ must be denied, and it is so ordered.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 19, 1929, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 15, 1929.

All the Justices present concurred.