[Civ. Nos. 6445, 6533. Second Appellate District, Division One.— July 10, 1931.]

PROGRESSIVE FINANCE CORPORATION (a Corporation), Plaintiff and Appellant, v. MARION L. VINING et al., Defendants and Appellants.

424

Willebrandt & Horowitz and Girard F. Baker for Plaintiff and Appellant.

Tanner, Odell & Taft for Defendants and Appellants.

THE COURT.—On petition of plaintiff praying that the decision and order of this court, entered on June 17, 1931, (Cal. App.) 300 Pac. 979, be set aside, and that the judgment of the superior court be affirmed with modifications in accordance with the original decision rendered herein on May 20, 1931.

The said order of June 17th was made in response to a suggestion of counsel for defendants that the appeal of plaintiff from the order denying plaintiff's motion to vacate the judgment of the court below was an attempted appeal for a nonappealable order. In support of this point counsel for defendants relied upon certain decisions of the courts of appeal which undoubtedly support their contention. In our order of June 17th we followed those decisions on the assumption that if there had been Supreme Court decisions to the contrary they would have been brought to our attention.

■ Now, on petition filed by plaintiff, we find that it has been directly decided by the Supreme Court in ruling on a motion to dismiss an appeal taken from an order denying a motion to vacate a judgment, which motion was made in accordance with section 663 of the Code of Civil Procedure, that an appeal does lie from an order denying such motion. (*Delta Farms* v. *Chinese American Farms,* 201 Cal. 201 [255 Pac. 1097], and cases there cited.)

In view of the foregoing, we are constrained to hold that the judgment of this court entered on June 17th dismissing the appeal from said order and affirming the judgment should be set aside, and the entire cause reopened for decision on the appeals as originally presented. The cause having been fully presented on the merits and carefully considered may now be decided without further argument.

The opinion on the merits of these appeals, written by Mr. Justice York and filed herein on May 20, 1931, is hereby adopted as the opinion of the court:

"The action out of which these appeals arise was brought to recover on a promissory note for the sum of $3,000, executed by defendants Vining and Lane in favor of one Dennis, who endorsed the same to one Albert Lane, who in turn endorsed it to plaintiff before maturity and without recourse.

"Defendant denied execution and delivery of the note, alleged that it was obtained without consideration, through misrepresentation, fraud and trickery of the original payee, and that plaintiff had notice thereof.

"The trial court found that the defendants Vining and Lane executed and delivered to John B. Dennis their certain promissory note in writing, wherein they agreed to pay to him the sum of $3,000; that said Dennis obtained the note from said defendants through misrepresentation, fraud and trickery, and without consideration, but that plaintiff in purchasing the note had no notice or knowledge of want of consideration and took it without notice of any infirmity attaching thereto; that before purchasing said note, plaintiff received from defendants Vining and Lane a statement in writing that the note was executed for a good and valuable consideration, and that they had no claim or defense against the said note.

"As a conclusion of law from said findings, the court rendered judgment in favor of plaintiff against defendants for the sum of $2,000 with interest at 7 per cent per annum, $200 attorney's fees, and costs of suit. Plaintiff promptly moved to vacate said judgment and to enter another and different judgment, on the ground that the conclusions of law were incorrect, inconsistent and not supported by the findings of fact. This motion was denied, and from such denial of said motion, plaintiff takes appeal No. 6445, contending that a judgment in favor of plaintiff for the sum of $3,000, the face of the note, should be entered to conform to the findings of fact.

"Defendants, on the other hand, appeal from the judgment, being the appeal No. 6533, which we will take up first. Defendants' first point is that the evidence is insufficient to justify the finding that the note sued on was executed by defendants Vining and Lane, and also that the evidence is insufficient to justify the decision as to Mrs. Vining's signature on the note. We have scanned the

record very carefully, and are of the opinion that the evidence is amply sufficient to justify the findings referred to. The witness Carlson—a handwriting expert—made careful examination of the signatures of defendants on the various exhibits, including the signatures on the defendants' verifications of their pleadings, and gave as his opinion that the signatures as written in the admittedly genuine documents were written by the same persons who signed the note which is the subject of this action. On cross-examination, he carefully analyzed various letters and strokes in his comparisons of the signatures. Defendants' testimony that the signatures on the note were not their signatures accomplished no more than to produce a conflict in the evidence.

"Defendants objected to the admission of testimony relating to a conversation had between Cora Lane and Albert Lane as to the genuineness of the signatures on the note, offset statement and financial statement, maintaining that while it was admissible as against Miss Lane, it was prejudicial to the cause of Mrs. Vining, who was not present when the conversation took place. Said testimony was not admissible as against Mrs. Vining; but in view of all the evidence produced, it does not appear that the erroneous ruling had any important bearing on the court's decision of the case.

"Defendants objected to the introduction of the note and the financial statement as exhibits at the time they were offered, on the ground that they had not been properly identified, in so far as the signature of Marion L. Vining was concerned. These exhibits were fully identified before the close of plaintiff's case, so that no error resulted from their introduction.

"Defendants also object to the ruling of the court in sustaining objections to two questions asked of Albert Lane, president of the plaintiff corporation, on cross-examination, it being maintained that the circumstances under which said Lane bought the note from Dennis were such as to put him on guard that the note was either fraudulently obtained by Dennis or was a forged note. The questions referred to are as follows:

" 'Q. Did he (Dennis) say anything about using this note for the purpose of assignment in this real estate transaction?

" 'A. Absolutely not.

" 'Q. In this deal? A. No sir.

" 'Q. He didn't say it was his note?

" 'A. Yes sir, he said it was a note that belonged to him and that he wished to sell.

" 'Q. Oh, he said it belonged to him? A. Absolutely.

" 'Q. Did he say he paid anything for it?

" 'A. He said he got it—I asked him how he got this note and he said it was in some real estate transaction.

" 'Q. Did you think it was necessary to find out whether he owned the note?

" 'Mr. Horowitz: We will object to it on the ground that it calls for a conclusion of the witness.

" 'The Court: Sustained.

" 'Q. By Mr. Odell: Did you make any inquiry of the makers of the note as to whether it belonged to Mr. Dennis?

" 'Mr. Horowitz: I object to that on the ground that it is assuming facts not in evidence.

" 'Mr. Odell: I reckon he is right about that.'

"Defendants cannot now in this court for the first time raise an objection to the second of these rulings because of his acquiescence in the ruling at the time it was made.

As to the first ruling, we are of the opinion that the question called for a conclusion of the witness, and defendants cannot complain without an attempt to reframe the question so as to properly bring out some answer that would have been proper along this line.

"As to appeal No. 6445 taken by plaintiff from the order denying its motion hereinabove referred to, the trial court found that plaintiff corporation was a holder in due course of the note here involved, and that being true, it was entitled to enforce payment of the note *for its full amount* (Civ. Code, sec. 3138), rather than for the lesser amount which it had paid for the same."

The petition of plaintiff for rehearing is granted. The said order of June 17th is set aside. The cause is resubmitted for decision. The order denying plaintiff's motion to vacate the judgment and enter another and different judgment is reversed, and the superior court is hereby directed to vacate the judgment heretofore rendered herein, and to enter judgment in favor of plaintiff for the sum of $3,000, with interest from August 27, 1926, at the rate of

seven per cent per annum, together with the sum of $200 as and for attorney's fees, together with plaintiff's costs and disbursements.

The judgment as so modified is affirmed.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 31, 1931.