[Civ. No. 4516. Third Appellate District.—March 30, 1932.]

LOS ANGELES SOAP COMPANY (a Corporation), Plaintiff and Respondent, v. A. E. BOSSEN et al., Defendants and Respondents; G. & H. COMMERCIAL SERVICE (a Corporation), Cross-Defendant and Appellant.

Fred M. Harter for Cross-Defendant and Appellant.

W. E. Davies for Plaintiff and Respondent.

Rich, Weis, Coats & Carlin for Defendants and Respondents.

THOMPSON (R. L.), J.—This is an appeal from an order denying a motion to vacate a judgment. The motion was presented pursuant to section 663 of the Code of Civil Procedure. The evidence is not before this court.

It is contended the findings are in irreconcilable conflict and that they do not support the judgment.

The complaint alleges that plaintiff secured a judgment for $1103.44 against Yuba City Steam Laundry Company in the Superior Court of Yuba County September 8, 1930; that the defendant Bossen Bros. Laundry was possessed of the sum of $775.13 belonging to said Yuba City Steam Laundry Company; that a writ of execution was duly issued by the plaintiff in said original action and levied upon all property belonging to the Yuba City Steam Laundry in the possession of Bossen Bros. Laundry, which last-mentioned company refused to surrender or deliver any of said money or property to the officer upon said execution. Judgment for $775.13 was demanded. The defendant controverted the essential averments of the complaint and filed a cross-complaint alleging that on May 26, 1930, it took charge of the Yuba City Steam Laundry and collected certain accounts belonging thereto; that on September 16, 1930, the defendant collected and held the sum of $405.47 belonging to the Yuba City Steam Laundry; that subsequent to the levying of the execution above mentioned, this appellant, G. & H. Commercial Service Corporation, also levied an execution against the defendant in an action in which the last-mentioned company had also procured a valid unsatisfied judgment against the Yuba City Steam Laundry; that the appellant thereby claimed title to said sum of $405.47, in the hands of the defendant. The appellant was thereupon made a party defendant in this action under the provisions of section 389 of the Code of Civil Procedure, and admitting the allegations of the cross-complaint, demanded judgment for the sum of $381.77. The court adopted findings favorable to the plaintiff and rendered judgment accordingly for the sum of $459. A motion was subsequently made under section 663 of the Code of Civil Procedure to vacate this judgment. The motion was denied. From this order denying the motion to vacate the judgment the G. & H. Commercial Service Corporation has appealed.

The paramount issue at the trial was to determine whether the plaintiff or the appellant had a prior lien upon the money in the possession of Bossen Bros. Laundry in partial satisfaction of their respective judgments theretofore procured. It is inferred the appeal from this order does not

lie. ▓ Section 963 of the Code of Civil Procedure author-izes an appeal from an order denying a motion to vacate a judgment for the reason that it constitutes a "special order made after final judgment". (*Condon* v. *Donohue,* 160 Cal. 749 [118 Pac. 113]; *Bond* v. *United Railroads of San Francisco,* 159 Cal. 270 [Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687, 113 Pac. 566]; *Pomper* v. *Behnke,* 97 Cal. App. 628 [276 Pac. 122]; *Gittelson* v. *Gandolfo,* 85 Cal. App. 320 [259 Pac. 340].)

The trial court found that on September 8, 1930, the plaintiff procured a judgment of $1103.44 against the Yuba City Steam Laundry, which remains unsatisfied; that on May 26, 1930, the defendant, Bossen Bros. Laundry took charge and control of the Yuba City Steam Laundry, to-gether with all assets and debts due to the last-named firm, and by virtue thereof "collected various moneys due and owing" to said firm; that on the last-mentioned date the sheriff of Yuba County levied an attachment in behalf of plaintiff on the property of the Yuba City Steam Laundry and found at that date only the sum of $23.70 cash in the possession of Bossen Bros. Laundry; that on September 16, 1930, a writ of execution was issued to the plaintiff in the original action and levied "upon said Bossen Bros. Laun-dry" which then had in its possession the sum of $459 belonging to the Yuba City Steam Laundry which Bossen Bros. Laundry refused to surrender; that on September 13, 1930, the cross-defendant, G. & H. Commercial Service Corporation, "caused an attachment to issue out of the Justice's court of Marysville Township . . . and the same was levied upon cross-complainants on or about said day in an attempt to attach all moneys in the possession of said cross-complainants, belonging to said Yuba City Laundry; . . . that said attachment was and is subordinate to the attachment issued and levied through this plaintiff"; that on the 19th of September, an execution was issued to the appellant and attempted to be levied on said cross-com-plainant; that neither the defendant Bossen Bros. Laundry, nor the cross-defendant, G. & H. Commercial Service Corpo-ration has any right or title to any part of said $459, or any moneys in their possession which were collected in behalf of Yuba City Steam Laundry, but that said moneys are subject to the superior lien acquired by the plaintiff

by virtue of its prior writs of attachment and execution. As a conclusion of law, the court held that plaintiff is entitled to judgment against the defendant and cross-complainant for the sum of $459 and all other moneys collected by them in behalf of the Yuba City Steam Laundry to the first day of November, 1930. Judgment was rendered accordingly.

The appellant asserts that the findings which were adopted show that it was entitled to a prior lien on the $459 in the possession of Bossen Bros. Laundry by virtue of its attachment which was levied on September 13th, which is three days prior to the levying of execution by the plaintiff. It will be observed, however, there is no finding that this money was in the possession of Bossen Bros. Laundry on the thirteenth day of September. The specific finding is that this sum was in their possession September 16th. In the absence of a finding to the contrary we must assume this money was not in the possession of Bossen Bros. Laundry on September 13th, and therefore it was not then subject to execution. Every presumption must be indulged which will support the judgment. In the case of *Shelley* v. *Board of Trade,* 87 Cal. App. 344, at page 354 [262 Pac. 403, 409], approving the language used in *Haight* v. *Haight,* 151 Cal. 90 [90 Pac. 197], the court says: " 'We must continually bear in mind the well-settled rule that findings are to be liberally construed in support of a judgment, that all of the findings are to be read and considered together and, if possible, are to be reconciled so as to prevent any conflict on the material points; and that unless the conflict is clear and the findings incapable of being harmoniously construed, a judgment will not be reversed on the ground of a conflict in the findings.' "

In accordance with this established rule we must assume the sheriff neither took into his possession nor saw the money which is the object of controversy in this action, at the time he attempted to levy an attachment on September 13th. No lien vested in this property by virtue of this ineffectual effort to levy an attachment. A levy of attachment made by an officer on personal property which he does not see or have in his possession is void. (Sec. 542, Code Civ. Proc.; *Herron* v. *Hughes,* 25 Cal. 555; *Taffts* v. *Manlove,* 14 Cal. 47 [73 Am. Dec. 610]; 3 Cal. Jur. 483, sec.

70; 6 C. J. 223, secs. 428–430.) Subdivision 3 of section 542, *supra,* provides that: "Personal property, capable of manual delivery, must be attached *by taking it into custody.*"

It affirmatively appears from the findings, which must be deemed to be adequately supported by the evidence, that the writ of execution which was issued to the plaintiff in the original action in which it recovered judgment against the Yuba City Steam Laundry, was levied upon said fund in the possession of Bossen Bros. Laundry on the sixteenth day of September. This was three days before the attempt was made by the appellant, G. & H. Commercial Service Corporation, to levy its execution upon the fund in controversy. The plaintiff therefore acquired a prior lien upon this fund by virtue of its previous levy of execution. The court therefore properly rendered judgment against the cross-defendant for this sum of $459. There appears to be no difficulty in reconciling the findings in this case.

The order is affirmed.

Preston, P. J., and Plummer, J., concurred.