[Civ. No. 8162.  Second Appellate District, Division One.—June 17, 1932.]

CHARLES KARSH, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Hiram T. Kellogg for Petitioner.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard, Deputy County Counsel, for Respondents.

HOUSER, J.—Petition for writ of mandate.

As far as are deemed material to a decision of the principal point of law involved in this proceeding, the pertinent facts are that, following the rendition of a judgment for the sum of $2,500 in favor of the plaintiff in the case of *Laykin* v. *Karsh* (the latter of whom being the petitioner herein), the entry of such judgment and the service of notice thereof on the defendant, the plaintiff (the *successful* party in the litigation) served on the defendant a notice of motion under the provisions of sections 663 and 663a of the Code of Civil Procedure to correct the conclusions of law theretofore signed by the trial judge and, after such correction, to enter "another and different judgment" in the action. Thereafter and in pursuance of said motion, by order of the trial court, the said conclusions of law were "corrected" and the judgment theretofore made and entered by it was ordered vacated, new conclusions of law were signed and "another and different judgment" was rendered by said court, again in favor of the plaintiff, but for the sum of $5,000, instead of the former sum of $2,500. Thereupon and following a notice by plaintiff to defendant of the entry of said "different" judgment, the defendant gave notice of appeal from said new judgment. Following a denial by the trial court of the defendant's motion for a new trial, in the course of his attempted per-

fection of an appeal from such new judgment, although the reporter's transcript of the trial of the proceedings was prepared and presented to the trial judge for his approval and certification within the statutory period following the service on the defendant of a notice of the entry of the new judgment—for the reason that the said reporter's transcript had not been presented to the trial judge for his approval within the statutory period after the notice of entry of the first judgment had been served on the defendant, as well as for the asserted reason that arrangements had not been made by appellant "with the stenographic reporter for his compensation" (sec. 953b, Code Civ. Proc.), the trial judge refused to approve or to certify such transcript. The instant proceeding is by way of an alternative writ of mandate issued out of this court for the purpose of determining the respective rights of the parties in the premises.

Construing the provisions of sections 663 and 663a of the Code of Civil Procedure, the appellate tribunals of this state heretofore have rendered certain decisions relative to the effect which procedure taken thereunder may have upon the rights of an appellant who is the moving party for the relief authorized by such statutes. In that connection, the general rule would seem to be that by moving to set aside the judgment theretofore rendered against him, and in lieu thereof to have "another and different judgment entered", the unsuccessful party to the litigation may not thereby extend the time within which he may lawfully appeal from the judgment. (*Alvarado* v. *Stanton*, 204 Cal. 173 [267 Pac. 313].) It also has been judicially determined that any *order* made on the hearing of the motion is appealable. (*Delta Farms* v. *Chinese American Farms*, 201 Cal. 201 [255 Pac. 1097], and authorities there cited.) But none of the decisions to which attention has been directed directly deal with the exact point here presented; that is to say, where upon motion by the *successful* party to the litigation the original judgment has been vacated, and in its stead "another and different" judgment has been entered, and notice of its entry has been served by the successful party upon the defeated party—whether the time within which an appellant may lawfully present to the trial judge for his approval and certification the

reporter's transcript of the proceedings at the trial of the action starts to run from the date of the notice of the entry of the new and "different" judgment—or whether, in any event, and irrespective of the fact that the original judgment has been ordered set aside and vacated, any appeal which may be taken necessarily is from the original judgment, carrying with such appeal all incidental matters and questions relating thereto.

Although not only by the terms of section 663a, but as well in accordance with the decisions made by the Supreme Court and the courts of appeal of this state, as hereinbefore has been indicated, "an order granting such motion may be reviewable on appeal", in the instant case the defeated party in the action in the lower court apparently was not so much concerned with the *"order* of the court granting such motion", as he was with the consequences thereof, to wit: The "different" *judgment* which was entered against him. Accordingly, his notice of appeal was not from the *"order"* by which the original judgment was vacated, but rather from the "different" *judgment* which resulted from that order.

It is conceivable that had the defeated party appealed from the order only, and had his appeal in that regard resulted in a reversal of such order, probably the result would have been that the original judgment, not having been the subject of appeal, would have remained in force. On the other hand, had the appeal from the order been unsuccessful the necessary result would have been that the new and "different" judgment would have taken effect.

█ As far as concerned the respective rights of the parties to the action, the new judgment was the final order of the trial court. It was intended to, and by its terms it did, vacate the original judgment. The new judgment superseded and took the place of the original judgment and operated just as though the new judgment had been the only judgment rendered by the court. As far as the respective rights and liabilities of the parties to the action in anywise were affected, the new judgment furnished the sole guide. The mere fact that the pecuniary liability of the defendant was doubled by the new judgment was of no materiality as far as concerned its legality, or its

existence as a judgment entirely separate and distinct from the judgment which was originally entered—the only important principle of law being as to whether the final pronouncement by the trial court, rather than its earlier declaration, became the proper subject of attack as far as concerned the aggrieved party to the action. In the case of *Delta Farms* v. *Chinese American Farms,* 201 Cal. 201, 203 [255 Pac. 1097, 1098], it is said: " . . . Section 663a of the Code of Civil Procedure declares that an order '*granting* such motion may be reviewed on appeal in the same manner as orders made on motions for a new trial'. *This was intended either to authorize a review of such an order on appeal from the judgment afterward made in pursuance of it, or to authorize a direct appeal from the order itself. . . .* "

Considering the language employed in sections 663 and 663a of the Code of Civil Procedure, as well as viewing the question from what would seem to be a reasonable standpoint, after the entry of the new and "different" judgment it became the only judgment in the action by which the parties thereto were bound; from which it follows that it was from the date of the entry of such judgment that the time for appealing therefrom, together with the incidents of such appeal, started to run.

It is conceded by the respondent that in all respects each of the several statutory steps in connection with the perfection by petitioner herein of the appeal from the judgment were substantially taken. One exception to the foregoing statement should be noted, to wit: At the time when the judge of the lower court was requested to approve and to certify the reporter's transcript of the proceedings which took place on the trial of the action it was contended by the respondent in the action that since it did not appear that "at the time" when the appellant gave his notice of appeal from the judgment the appellant had either filed an undertaking to cover the cost of preparing such reporter's transcript, or that he had arranged personally with the stenographic reporter for his compensation (sec. 953b, Code Civ. Proc.), in the absence of an order of court by which the appellant was relieved from his assumed default in either of such particulars, the

trial court was without authority to approve and to certify said transcript.

The record herein shows, and the respondent admits, that, as required by the provisions of section 953c of the Code of Civil Procedure, within ten days after the determination by the trial court of a motion interposed by the appellant for a new trial, the petitioner herein served on the respondent in the action and filed with the clerk of the court his notice of appeal from the judgment, and also at the same time "made arrangements personally with the stenographic reporter for his compensation". It follows that the "arrangements" were made "at the time", within the meaning of the provisions of the statute.

It is ordered that the alternative writ hereinbefore issued by this court be, and the same is, made peremptory.

Conrey, P. J., and York, J., concurred.