[Civ. No. 10114. First Appellate District, Division One.—May 1, 1937.]

In the Matter of the Estate of NETTIE E. BARTON, Deceased. MYRTLE CONNER LOWERS et al., Appellants, v. ERASTUS W. McGREW et al., Respondents.

Norman H. Elkington for Appellants.

John Carfraie Birnie, Charles K. Harper and William F. Herron for Respondents.

TYLER, P. J.—Motion to vacate and set aside the decision and judgment *In the Matter of the Estate of Nettie E. Barton, Deceased,* rendered by this court on August 24, 1936, and to recall the *remittitur* upon the ground that the court had no jurisdiction of the appeal. (*Estate of Barton,* 16 Cal. App. (2d) 246 [60 Pac. (2d) 471].)

■ The judgment sought to be set aside involved two appeals, one of which was from an order denying a motion to vacate the judgment of the court which was made and entered notwithstanding the verdict. At the time of the hearing of the appeal no motion was made to dismiss for lack of jurisdiction of this court to entertain the same, and upon the rendition of the judgment an application was made to the Supreme Court for a hearing, which application was denied. In support of the present motion the claim is made that as the lower court granted a motion for judgment notwithstanding the verdict an appeal should have been taken from such order and not from the order subsequently made denying a motion to set aside the order for judgment, which order it is claimed is not appealable, and as such fact affirmatively appears from the judgment, such judgment is void on its face and should be set aside. There is no merit in the claim. The appeal was taken under sections 663 and 663a of the Code of Civil Procedure. The courts of this state have repeatedly held that an order denying a motion to vacate a judgment under these sections is a special order made after final judgment and expressly appealable as such under section 963 of the Code of Civil Procedure. (*California Delta Farms* v. *Chinese American Farms,* 201 Cal. 201, 202 [255 Pac. 1097]; *Los Angeles Soap Co.* v. *Bossen,* 122 Cal. App. 237 [9 Pac. (2d) 900].) The question raised is not one of jurisdiction. Courts have, as stated, power to hear such appeals under section 963 of the Code of Civil Procedure though at times they may refuse to exercise such power in certain cases where an appeal may be taken from the original judgment. (*Title Ins. & Trust Co.* v. *California Dev. Co.,* 159 Cal. 484 [114 Pac. 838].) Refusal to entertain such an appeal in certain cases is a mere rule of practice and is entirely apart from any question of jurisdiction.

The motion is denied.

Knight, J., and Cashin, J., concurred.