[L. A. No. 17318.   In Bank.—March 28, 1940.]

N. FUNK, Respondent, v. MARY A. CAMPBELL (a Widow) et al., Appellants.

Robert Cockins for Appellants.

Bender & Cullinan for Respondent.

SHENK, J.—Judgment was entered in this action on July 12, 1939, in favor of the plaintiff.  On July 18, 1939, the defendants filed a notice of motion to vacate and set aside the judgment and to enter a new and different judgment, on the ground that the conclusions of law were incorrect and erroneous and not consistent with or supported by the findings of fact.  The motion was denied and the defendants appealed from the order denying the same.  They also appealed from an order denying their motion for new trial.

The motion to dismiss is made on the grounds, (1) that an appeal does not lie from an order denying a motion for a new trial and (2) that an appeal does not lie from an order

denying a motion to set aside a judgment when the grounds of such motion existed prior to the entry of the judgment. And it is stated that such grounds existed in this case.

■ The order denying the motion for a new trial was not appealable and the appeal therefrom should be dismissed.

■ In support of her motion to dismiss the appeal from the order denying the motion to vacate, the plaintiff relies on the well-established rule that an appeal will not lie from an order refusing to vacate a judgment if the grounds upon which the party sought to have the same vacated existed before the entry of the judgment and were available on appeal from the judgment. The rule is stated in *Lawson* v. *Guild,* 215 Cal. 378 [10 Pac. (2d) 459], *Estate of Siemers,* 202 Cal. 424 [261 Pac. 298], *Reynolds* v. *Reynolds,* 191 Cal. 435 [216 Pac. 619], and numerous other cases to like effect.

But the rule and cases relied on by the plaintiff have no application to the appeal now under consideration. The motion to vacate was made pursuant to section 663 of the Code of Civil Procedure, which specifies as the sole ground on such a motion, ''Incorrect or erroneous conclusions of law not consistent with or not supported by the findings of fact.'' A specific and separate appeal from an order made on a motion under that section is accorded the aggrieved party by section 663a of the same code and the decisions construing that section. Appeals from orders made under section 663 are set apart from and are made an exception to the rule relied on by the plaintiff. (*California Delta Farms* v. *Chinese American Farms,* 201 Cal. 201 [255 Pac. 1097].) This subject is fully discussed in our opinion in the case just cited and that case is sufficient authority for the denial of the second part of the plaintiff's motion.

The appeal from the order denying a new trial is dismissed. The motion to dismiss the appeal from the order denying the motion to vacate is denied.

Waste, C. J., Curtis, J., Edmonds, J., Gibson, J., and Houser, J., concurred.

CARTER, J., Concurring.—I concur in the conclusion reached in the opinion of Mr. Justice Shenk but desire to amplify my views on the proposition here involved in order to avoid confusion in the future.

On July 12, 1939, findings of fact and conclusions of law were filed and judgment entered in this action in favor of plaintiff, in the Superior Court of Los Angeles County. On July 18, 1939, appellants filed a ''notice of motion to set aside judgment'' on the ground that the conclusions of law were incorrect and not supported by the findings of fact and that judgment be entered in favor of the defendants Isabella D. Campbell and Donald Campbell. This motion was subsequently made and denied on August 25, 1939. Notice of appeal from the order denying the defendants' motion to set aside the judgment and for a new trial was filed August 30, 1939. A transcript on appeal was thereafter prepared and filed in this court on October 6, 1939. The appeal is taken on the judgment roll alone.

Respondent has moved to dismiss the appeal upon the ground that no appeal lies from an order denying a motion to set aside a judgment when the grounds of such motion existed prior to the entry of said judgment.

In support of his motion to dismiss the appeal from the order denying appellants' motion to vacate the judgment, respondent relies upon the following cases: *Lawson* v. *Guild,* 215 Cal. 378 [10 Pac. (2d) 459]; *Barry* v. *Learner,* 113 Cal. App. 651 [299 Pac. 82]; *Barker* v. *Ackers,* 29 Cal. App. (2d) 162 [84 Pac. (2d) 264]; *Nagelmann* v. *McIntyre,* 27 Cal. App. (2d) 621 [81 Pac. (2d) 466]; *Reynolds* v. *Reynolds,* 191 Cal. 435 [216 Pac. 619]. These cases lay down the rule that an appeal does not lie from an order refusing to vacate a final judgment if the grounds upon which the party sought to have the same vacated existed before the entry of judgment and were available on appeal from the judgment. If the rule announced in the above-cited cases is applicable to the case at bar, respondent's motion to dismiss the appeal should be granted.

It is obvious from a reading of the transcript that the grounds upon which the appellants sought to have the judgment vacated existed before the entry of the judgment and are available upon an appeal from the judgment. However, there is another line of authorities upon which appellants rely which lay down a rule in apparent conflict with the rule announced in the above-mentioned cases. The authorities relied upon by appellants are: *Lewith* v. *Rehmke,* 215 Cal. 241 [9 Pac. (2d) 297]; *California Delta Farms* v. *Chinese Ameri-*

*can Farms,* 201 Cal. 201 [255 Pac. 1097]; *Estate of Barton,* 20 Cal. App. (2d) 648 [67 Pac. (2d) 695]; *Progressive Finance Corp.* v. *Vining,* 115 Cal. App. 423, 425 [1 Pac. (2d) 1004]; *Karsh* v. *Superior Court,* 124 Cal. App. 373 [12 Pac. (2d) 658]; *Los Angeles Soap Co.* v. *Bossen et al.,* 122 Cal. App. 237 [9 Pac. (2d) 900]; *Westervelt* v. *McCullough,* 64 Cal. App. 362 [221 Pac. 661]; *Condon* v. *Donohue,* 160 Cal. 749 [118 Pac. 113]; *Bond* v. *United Railroads of San Francisco,* 159 Cal. 270 [113 Pac. 366, Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687].

The cases last cited hold that an appeal lies from an order denying a motion made under sections 663 and 663a of the Code of Civil Procedure to vacate a judgment upon the assumption that such an order is a special order made after final judgment and expressly made appealable as such under section 963 of the Code of Civil Procedure.

It is obvious that confusion has existed in the minds of those who have attempted to apply the rules laid down in the two lines of authorities above cited. This confusion is the result of some rather loose language used in the opinions in the group of cases first cited in describing the character of the order appealed from in those cases: It does not appear in the opinion in any of those cases that the order appealed from was the basis of a motion presented to the trial court pursuant to sections 663 and 663a of the Code of Civil Procedure. Each of said motions was made after the judgment in each of said cases had become final, and there was no legal basis upon which said motions could be made. The respective judgments in said cases were immune from direct attack at the time said motions were made. Appellants in those cases sought to maintain their appeals by contending that they were taken from orders made after final judgment pursuant to section 963 of the Code of Civil Procedure. However, instead of holding in those cases that the order appealed from therein was not appealable because there was no legal basis upon which the motion could have been made in the trial court, the court in those decisions held that an appeal did not lie from said orders because the grounds upon which the party sought to have the judgments vacated existed before the entry of judgment and were available on an appeal from the judgment. If this rule were applied to an appeal from an order denying a motion to vacate a judgment under sections 663 and 663a of the Code

of Civil Procedure, the result would be that substantially all of the appeals taken from orders denying motions to vacate judgments would have to be dismissed, because it is usually the situation that the grounds upon which the party seeks to have the judgment vacated existed before the entry of judgment and are reviewable on appeal from the judgment. Such is the situation in the case at bar.

However, in the list of authorities holding that an appeal will lie from an order granting or denying a motion to vacate a judgment under the provisions of sections 663 and 663a of the Code of Civil Procedure, it is held that a party aggrieved by such order may appeal therefrom even though the grounds upon which he sought to have the judgment vacated existed before the entry of the judgment and were available on an appeal from the judgment. It is obvious that there is a direct conflict in the reasoning in these two lines of authorities.

While it is impossible to harmonize this conflict, I may be able to clarify the situation by a pronouncement which may be helpful in guiding those who might otherwise be baffled by the confusion which now exists.

I think it was the obvious intention of the legislature that an appeal should lie from an order granting or denying a motion to vacate a judgment made pursuant to sections 663 and 663a of the Code of Civil Procedure, regardless of whether the grounds upon which said motion is made existed before the entry of judgment and are available on an appeal from the judgment, and that such an appeal lies notwithstanding an appeal is also taken from the judgment.

I think it proper to point out, however, that there is no basis in our law for a motion to vacate or set aside a judgment regular on its face, which has become final by reason of the time for appeal having expired, except in the field of default under section 473 of the Code of Civil Procedure, and all such motions are abortive. Such being the situation, it is obvious that when such motions are made and denied and appeals are taken therefrom, the appeal should be dismissed upon the ground that there was no legal basis for the motion which resulted in the making of the order, and consequently no basis for an appeal from such order, and not upon the ground that the order is not appealable because the grounds upon which the motion was made existed before the entry of judgment and were available on an appeal from the judgment.

Such is the class of orders from which appeals were taken in the list of authorities upon which respondent is relying in the case at bar.

In view of the factual situation stated at the beginning of this opinion, it is obvious that the motion to set aside the judgment which was made by appellants in the trial court in the case at bar was made pursuant to the provisions of sections 663 and 663a of the Code of Civil Procedure, and therefore the order denying same is appealable even though the grounds upon which said motion was made existed before the entry of the judgment in said action and were available on appeal from the judgment, and therefore respondent's motion to dismiss the appeal in this case should be denied.

While defendants' notice of appeal states that they are also appealing from an order denying them a new trial, the record does not disclose that a motion for a new trial was made, hence, this statement in the notice of appeal is surplusage and may be disregarded.