[L. A. No. 20804.   In Bank.   June 14, 1949.]

C. E. ROUNDS, Respondent, v. JOSEPH DIPPOLITO et al., Defendants; GEORGE J. GARECHT et al., Appellants.

Walker & Sullivan and J. R. Walker for Appellants.

Oliver M. Charleville for Respondent.

EDMONDS, J.—George J. Garecht and Raymond H. Marks moved to vacate the judgment requiring them and other defendants to pay C. E. Rounds $908 for services rendered. The question now presented for decision concerns their right to appeal from the order denying the motion.

Joseph, Grace, Charles and Angelina Dippolito, who were the owners of certain land, entered into a contract with Garecht and Marks, doing business as Grading and Excavation Company, to remove eucalyptus trees from the property. Garecht and Marks felled the trees and contracted with Vergil Grove to take them away. Grove, in turn, hired Rounds, who operated his own crane, to do a certain part of the work at the rate of $9.00 per hour.

Upon the completion of his contract, Rounds brought an action claiming $1,014.90 due for wages and for the foreclosure of a mechanic's lien. In addition to the Dippolitos, he named as defendants Garecht, Marks, Grove and Jack McCoy. Several fictitious defendants, and also McCoy, were not served. The demurrer of Garecht and Marks was overruled, and after an answer was filed by them, the matter proceeded to trial.

Concurrently with the filing of this action (No. 58123), a separate one was brought by Garecht and Marks against the Dippolitos (No. 57843). By stipulation, the two cases were consolidated for trial. On May 3, 1948, a judgment was entered in the Rounds case (No. 58123) "against the defendants in the sum of" $908. On May 17, 1948, a judgment was entered in action No. 57843 in favor of Garecht and Marks and against the Dippolitos for $1,200, "provided, however, that there should be deducted from the judgment in favor of said plaintiffs the sum of $908.00 adjudged due and owing the plaintiff C. E. Rounds by the defendants Joseph Dippolito et al. in action No. 58,123."

No notice of entry of judgment was served in the action brought by Rounds, and on July 8, 1948, Garecht and Marks served a notice of motion to vacate the judgment in that action pursuant to section 663 and 663a of the Code of Civil Procedure. The appeal is from the order denying the motion made in accordance with the notice. Rounds has moved to dismiss the appeal upon the grounds that: (1) appellants are not "aggrieved" parties under the judgment; and (2) even if aggrieved, they may not appeal from an order denying a motion under section 663 where such motion was made after 60 days from the entry of judgment and the same questions

presented by the motion could have been raised upon an appeal from the judgment.

As to the first contention, Garecht and Marks, named defendants in the action, appeared and filed a demurrer and an answer. The judgment runs "against the defendants" for the $908. Further, the second judgment (No. 57843) includes a provision specifying that there shall be a deduction from the amount awarded Garecht and Marks to the extent of the judgment in favor of Rounds against them. The Dippolitos owe the contract price for the work done on their property; the only truly adverse interests in the litigation are those of the contractor and the subcontractor who have not been able to agree as to the proper division of the money between them.

Considering the procedural point, the rule to the effect that an appeal will not lie from an order refusing to vacate a judgment if the grounds for the motion existed before the entry of judgment has no application to one made pursuant to section 663 of the Code of Civil Procedure. Such appeals "are set apart from and are made an exception to the rule relied on." (*Funk* v. *Campbell*, 15 Cal.2d 250, 251 [100 P.2d 762] ; *California Delta Farms* v. *Chinese American Farms,* 201 Cal. 201 [255 P. 1097].)

Section 663a provides that a motion under section 663 must be made "within ten days after notice of the entry of judgment, serve[d] upon the adverse party." There is no limitation, as suggested by the respondent, that such motion be made within 60 days after entry of judgment. Nor does this rule allow "every unsuccessful litigant to set his own time for appeal," for the prevailing party by serving notice of entry of the judgment may limit the time within which his adversary is entitled to proceed under section 663. An order denying a motion made under that section is appealable (*Funk* v. *Campbell, supra*; *Delta Farms* v. *Chinese American Farms, supra*), and the record in the present action shows that the notice of appeal was timely filed.

The motion to dismiss the appeal is denied.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.