[Sac. No. 506.   Department Two.—November 29, 1898.]

In the Matter of the Estate of JAMES GREGORY, Deceased.

APPEAL—REFUSAL TO VACATE JUDGMENT—NONAPPEALABLE ORDER—DIS-
MISSAL.—An order refusing to vacate a judgment of dismissal for the want of findings demanded by the appellant, is not appealable; and an appeal therefrom must be dismissed.

ID.—VALIDITY OF JUDGMENT—ABSENCE OF DEMANDED FINDINGS—REVIEW
UPON APPEAL.—A judgment of dismissal is not rendered void by the absence of findings demanded by the party against whom it was rendered; and any alleged error therein  can only be reviewed upon a direct appeal from the judgment, and not upon appeal from an order refusing to vacate it.

APPEAL from an order of  the Superior Court of Placer County refusing to vacate a  judgment of dismissal.   W. H. Grant, Judge, rendering judgment of dismissal.   Matt. F. John-son, Judge, making order appealed from.

The facts are stated in the opinion.

James Gartlan, for Appellant.

F. P. Tuttle, for Respondents.

BELCHER, C.—James Gregory died testate in the county of Placer on January 24, 1877, being at the time a resident of said county and  leaving an estate  therein, consisting of  real and personal property.   The will of said deceased was duly admitted

to probate, and letters testamentary were issued to Mary Gregory, named in the will as sole executrix thereof, and such letters remained in full force and effect until December 1, 1880, when she died. On January 8, 1881, a decree of distribution was made and entered in the matter of the estate, whereby the whole of the estate was distributed to John H. Gregory and John S. Gregory.

On February 18, 1895, an order of court was made and entered appointing Mary Ann Brind administratrix with the will annexed of the said estate, and on the same day letters of administration were issued to her. On May 3, 1895, the said administratrix, Mary A. Brind, filed a petition, and on October 31, 1895, an amended petition setting forth, among other things, that between the times of the death of Mary Gregory, executrix, and the appointment of the petitioner as administratrix, there was a vacancy in the administration of the said estate; that the decree of distribution of January 8, 1881, was made without any petition therefor or notice thereof, and is void on its face and not conformable to law or justice; that the petitioner and three other persons named were pretermitted children of said James Gregory, and were entitled to his estate, or a portion thereof; and that the said decree of January 8, 1881, was beyond the jurisdiction of the court and in contravention of the constitution of the United States and of this state, in that it deprived the said pretermitted children of their property without due process of law. Wherefore the petitioner prayed that the said decree of January 8th be vacated and set aside.

J. H. Gregory, J. S. Gregory, and five other parties interested answered the petition, denying that the said decree of distribution was made without any petition therefor or notice thereof, or is void on its face or not conformable to law or justice, and averring that no appeal was ever taken from the said decree, and that the same is conclusive as to the rights of the petitioner, and the cause of action set forth in the petition is barred by the provisions of sections 1666 and 1908 of the Code of Civil Procedure.

The matter came on regularly to be heard before the court upon the issues presented by the petition and answer, and after hearing the evidence and the argument of counsel it was, on

June 17, 1896, "ordered, adjudged, and decreed that the prayer of said petition be and the same is hereby denied, and the said petition dismissed."

On June 16, 1897, counsel for petitioner served notice on respondents that on the twenty-eighth day of that month he. "would move the court for an order setting aside and vacating the judgment marked as made and entered herein on the seventeenth day of June, 1896, on the grounds that there are no findings or decision to support said judgment, and that the same is therefore void and of no effect."

This motion was made and submitted on the papers and record in the case and on an affidavit made by petitioner's attorney, in which it was stated that the issues of fact, raised by the answer to the petition to vacate and set aside the decree of distribution, "were tried by the court, sitting without a jury, on the seventeenth day of June, 1896; that the testimony having been introduced and the arguments of counsel heard, the cause was submitted for decision, and thereupon the court announced that he would give judgment in favor of respondents; that immediately on such announcement being made this affiant, in behalf of his client, the said petitioner, and in open court, demanded findings, and requested that a copy of such findings as counsel for respondents prepared be furnished him, with the intent that he have opportunity to prepare amendments thereto; that subsequently, and without any findings ever having been made, or filed or waived, a judgment was made and entered in favor of respondents and against petitioner."

This motion was heard and denied on October 26, 1897, and from this last order the present appeal is prosecuted by the petitioner.

The only ground urged for a reversal is that the court erred in failing to find the facts when it made and filed its judgment or order denying the prayer of the said petition and dismissing the same.

The order appealed from is not, in our opinion, an appealable order. If appellant desired to have the alleged error complained of reviewed in this court, she should have appealed from the judgment of dismissal, in rendering which the error occurred. That judgment was not void because of the alleged er-

ror, and it could not be set aside in the manner sought to be availed of here.

The appeal should be dismissed.

Chipman, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the appeal is dismissed. Temple, J., Henshaw, J., McFarland, J.

·Hearing in Bank denied.