[Civ. No. 4117. Third Appellate District.—June 6, 1930.]

SAMUEL SMITH, Respondent, v. JOS. S. MERTZ et al., Defendants; H. B. MILLER, Appellant.

Holcomb & Holcomb, for Appellant.

Victor Ford Collins and Arnold M. Cannan for Respondent.

FINCH, P. J.—The plaintiff brought this action to recover the amount of a promissory note for $5,000, with interest, dated April 18, 1921, and signed "Tulsa Motors Co. by Jos. S. Mertz." The complaint is in the usual form. The defendants Mertz and Miller filed separate an-

swers. The other defendant did not answer. Judgment was entered in favor of the plaintiff against Mertz and Miller and Miller has appealed.

The answer of defendant Miller denies that he was a member of the defendant partnership on April 18, 1921, or at the time his answer was signed; denies that he executed the promissory note sued. on; denies that Mertz "was. ever authorized by this defendant to sign the promissory note"; and alleges "that on April 18, 1921, he was not a copartner of the other defendants named herein, nor a member of said fictitious firm name of Tulsa Motors Co.; and that he did not authorize the making or delivering of the note described in the plaintiff's complaint, and that he did not receive any of the consideration therefor as a partner of said defendants, or as a member of said Tulsa Motors Co., and that he had no knowledge of the making or delivering of said note until the summons was served upon him."

The court found "that all of the allegations of the complaint are true; . . . that the defendants herein are copartners and were on April 18, 1921, copartners doing business under the fictitious firm name and style of Tulsa Motors Company"; that Mertz was "duly authorized to sign said promissory note for and on behalf of all of the defendants . . . and that the said partnership . . . received the $5,000 loaned by the plaintiff to said defendants; . . . that it is not true that on the 18th day of April, 1921, plaintiff and defendants Joseph S. Mertz and W. W. Gogel entered into an agreement wherein the said Joseph S. Mertz and W. W. Gogel sold to the plaintiff an undivided one-third interest in the business and partnership known as Tulsa Motors Company for the sum of $5,000. That it is true that $3,000 of said money received from plaintiff by the Tulsa Motors Company, for said promissory note, was used for the purpose of paying to H. B. Miller for his one-third interest in said partnership and that the remainder was used for the purpose of said partnership business." The negative findings are responsive to issues raised by the answer of the defendant Mertz.

It appears by stipulation that on February 7, 1921, the defendants Mertz and Gogel filed the partnership certificate required by section 2466 of the Civil Code, stating their purpose of doing business under the fictitious name of

"Tulsa Motors Co." On March 28, 1921, a similar certificate was filed by Mertz, Gogel and Miller. On April 19, 1921, a third and similar certificate was filed by Mertz and Gogel, omitting the name of Miller as a partner.

The evidence is sharply conflicting as to whether the $5,000 delivered by the plaintiff to the partnership was a loan as alleged by the plaintiff or was paid as the purchase price of a one-third interest in the partnership business as alleged by Mertz. The finding on that issue in favor of the plaintiff, therefore, is conclusive.

There is no evidence tending to show that Miller individually authorized Mertz to borrow the money in question or execute the note. Mertz, however, had authority as a general partner to borrow money to carry on the business of the partnership and to execute the promissory note. The partnership, as its name implies, was engaged in "the automobile business" and had the agency for the Tulsa motor cars. At the time the note was executed the partnership had "four or five, possibly six, carloads of cars on the road." It had no money in the bank and was "running short all the time." Section 2429 of the Civil Code then read as follows:

"Every general partner is agent for the partnership in the transaction of its business, and has authority to do whatever is necessary to carry on such business in the ordinary manner, and for this purpose may bind his copartners by an agreement in writing."

Promissory notes executed by a general partner in the ordinary course of business are binding on the other partners, even though they had no knowledge of the execution thereof. (*Jacobson* v. *Lamb,* 91 Cal. App. 405, 409 [267 Pac. 114].)

The parties agree that the plaintiff's check for $5,000 was delivered to Tulsa Motors Company and the amount thereof deposited to the credit of its bank account April 16, 1921, and that on the same day, out of the moneys so received, Miller was paid for his interest in the partnership business. The appellant contends that he had ceased to be a member of the partnership before the promissory note was given. As stated in appellant's opening brief, plaintiff's "check was originally made out 'April 18th' and afterwards in another handwriting it was changed to the 16th." The plaintiff testified: "Mr. Mertz made out the

note, and I think he made out the check. . . . The note and the check were issued on the same day. It was one transaction. . . . I am positive it was done in one day. If there is any difference in the dates, I never noticed it until now.'' Whatever inference may be drawn from this confusion as to dates, the evidence is sufficient to show that the appellant was paid for his interest in the partnership business out of the money received from the plaintiff, and it necessarily follows that the firm's obligation to the plaintiff was incurred before such payment to appellant and while he was still a member of the firm, it not being contended that he ceased to be a member before he received payment for his interest.

It does not appear that the plaintiff knew the purpose for which the $5,000 was to be used. He testified that he knew, prior to the loan of the money, that Miller and Gogel were members of the partnership, but that he had ''never met Mr. Miller or had any conversation with him'' and that he loaned the money ''on the faith and credit'' he had in Mertz, ''and including the Tulsa Motors Company, . . . on Mr. Mertz mostly.'' He also testified that no notice was ''ever given him that Mr. Miller had gone out of the firm.'' It further appears that dissolution of the firm of Mertz, Gogel and Miller, if it had been dissolved, had not been advertised prior to the time the note was executed, as then provided by section 2453 of the Civil Code. Under such circumstances, Miller's liability as a general partner continued, even if it be conceded that the partnership was dissolved before such liability was incurred by Tulsa Motors Company.

At the time the note was executed ''Mertz was the credit man'' in the Guaranty Trust & Savings Bank. He was indebted to that bank in the amount of $10,000 or $12,000 and was ''in financial difficulties.'' The bank, through Mertz as ''credit man,'' loaned the plaintiff the additional sum of $5,000, which he, in turn, loaned to the Tulsa Motors Company, taking therefor the promissory note upon which this suit is based. This double transaction was had at the request of Mertz. Whatever cause of complaint the bank may have in respect to the transaction, it does not appear that the appellant's rights were in any manner prejudiced by the manner in which the plaintiff secured the

money which he loaned to the partnership. The double transaction carried out by Mertz and the plaintiff is a circumstance which the trial court had a right to consider in determining the credibility and weight of their testimony, but those are questions within the exclusive province of the trial court.

This court is without power to set aside the findings of the trial court, made on conflicting evidence, on the mere ground that there are suspicious circumstances in connection with such evidence.

The judgment is affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.