[Civ. No. 1144. Fourth Appellate District.—October 16, 1934.]

CHAS. MEIS, Plaintiff; J. EDGAR ROSS, Appellant, v. E. COLLINS et al., Respondents.

J. Edgar Ross, *in pro. per.*, for Appellant.

C. L. Brown for Respondents.

GRIFFIN, J., *pro tem.*—The record indicates that a partnership was formed between plaintiff Chas. Meis, defendant E. Collins and one Angelo Calianos in July, 1930, in Imperial County, for the purpose of carrying on a business known as the Home Bakery; that thereafter Calianos died and the other two partners carried on the business as surviving partners, paying certain claims for funeral expenses of the deceased partner; that no accounting was had between the surviving partners to determine their respective interests; that the sole contribution of Calianos had been his personal services rendered to the partnership prior to his illness; that on the first day of Sep-

tember, 1930, defendant Collins sold to one Michael Salmen, co-defendant, a one-third interest in the business; that thereafter the three parties entered into a new partnership agreement in writing and have carried on the business under the name and style of Home Bakery, E. Collins, Proprietor; that defendant Collins received as consideration for the one-third interest the sum of $3,500, which sum, the plaintiff claims, defendant Collins failed, neglected and refused to account for to the partnership and kept said sum to his own use in fraud of the right of plaintiff Chas. Meis.

Further claim is made that the original surviving partner had from the beginning assumed the management of the business and handled all of the money of the partnership and failed to keep correct accounts and had used the partnership money in his private business and speculation.

The two defendants answer jointly and admit an agreement of sale, one to the other, for $3,500 of a third interest in the business, after the death of the first partner, but deny that plaintiff has any interest in that sum; and deny generally all accusations of misappropriation or mismanagement. Both complaint and answer pray for a dissolution of the partnership and an accounting.

A petition for the appointment of a referee was set for hearing on the tenth day of March, 1933, and on that day the attorney for plaintiff was dangerously ill. Another attorney appeared for him and a tentative agreement was entered into whereby Leonard Buster was appointed referee for the purpose stated in the petition. Plaintiff Meis subsequently refused to agree to the appointment of Leonard Buster and accordingly would not stipulate to his appointment.

On the fourteenth day of March, 1933, the court made an order appointing Leonard Buster as referee to audit the books of the partnership and to act as receiver, fixing his bond in a certain amount.

On March 21, 1933, the plaintiff Meis served notice on all parties that he did sell, by an instrument in writing, to J. Edgar Ross, all of his right, title and interest in and to the relief prayed for in the complaint, together with his one-third partnership interest in the business of the Home Bak-

ery.  The consideration for this assignment was $1, it being further provided that Ross was to turn over to Meis the first $700 collected on any judgment and that Ross was to retain 15 per cent of the next $1,000 received and 25 per cent of any additional amount, the balance going to Meis.

On March 21, 1933, the assignee, J. Edgar Ross, filed a motion to vacate and set aside the order of March 14, 1933, appointing a referee and receiver on several grounds stated therein.  When this motion came on for hearing, on March 24, 1933, the attorney for the defendants raised the objection that the said J. Edgar Ross has no right to appear for or represent the plaintiff, on the ground that he was not a licensed attorney and that he was not the real owner of the chose in action.  At this hearing Ross testified that he is not a licensed attorney at law in this state, that he drew the original complaint and other instruments, and that an attorney had theretofore appeared for him when an attorney was necessary.  At the close of the hearing the court found that the said Ross was not the *bona fide* owner of the plaintiff's claim or right of action and that the only interest he had therein was one contingent upon his rendering services for the plaintiff as an attorney in the prosecution of the action.

The court then made an order adjudging the said Ross guilty of contempt of court, imposing a fine upon him, staying execution for ten days, and striking from the files the motion filed by Ross to set aside the order of March 14, 1933.

J. Edgar Ross filed notice of appeal from all of this order "except the part thereof adjudging this appellant guilty of contempt and staying execution of said judgment".  The appeal, therefore, is only from the order striking his motion from the files.

█ Not only does the order striking the motion from the files appear to have been properly made, but the same was not an appealable order under section 963 of the Code of Civil Procedure.  The appellant seems to consider it as, in effect, an order refusing to set aside the previous order entered on March 14th.  █ So considered, it falls within the usual rule that when an order is appealable, an order denying a motion to set the same aside is not appealable

.(*De La Montanya* v. *De La Montanya,* 112 Cal. 101 [44 Pac. 345, 53 Am. St. Rep. 165, 32 L. R. A. 82]; *Estate of Gregory,* 122 Cal. 483 [55 Pac. 144]; *People* v. *Bowles,* 135 Cal. App. 514 [27 Pac. (2d) 411]). The attempted appeal from the order striking the appellant's motion from the files should, therefore, be dismissed.

It is so ordered.

Barnard, P. J., and Jennings, J., concurred.