INÉS DE CHOUDENS ETC., Plaintiff and Appellee, *v.* RAFAEL PORTILLA, Defendant and Appellant.

No. 7488. Argued January 24, 1938.—Decided March 25, 1938.

*J. M. Calderón, Jr.,* for appellant. *C. Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

On December 30, 1936, a district judge suspend the execution of a judgment pending a hearing and ruling on a motion to set aside the judgment and to open a default. On January 4, 1937, the judge, on motion of plaintiff, reconsidered the previous order and included therein an allowance of $100 to cover expenses, costs, disbursements and attorney's fees. Notice of this order was given January 5th. On the same day defendant moved to set aside the order of January 4th. The judge denied defendant's motion January 23rd. Notice of this ruling was given January 25th. On February 2nd, defendant filed his notice of appeal from the order of January 23rd. Appellee now moves to dismiss the appeal. The question is whether the order of January 23rd was a "special order made after final judgment" within the meaning of subdivision 3 of Section 295 of the Code of Civil Prosedure which authorizes an appeal from any such special order.

In *Fajardo Development Co.* v. *Succn. of Morfi,* 17 P.R.R. 1077, 1079, this Court said:

"It is a general proposition that an appeal cannot be taken from a resolution of a court refusing to set aside an order which is itself appealable. But like all other general rules there may be exceptions to this in certain cases. It must not be overlooked that the order of May 8, 1911, was virtually a judgment by default rendered because the appellants had failed to file within a certain time objections to the cost bill. Although the plaintiff could have taken an appeal from this order it would have been very difficult to secure a full review on the supposed merits of the case and in such cases it has been permitted to move to set aside the default and in case of refusal to appeal from the resolution denying the motion. (*McCormick* v. *Belvin,* 96 Cal. 182; *De la Montanya* v. *De la Montanya,* 112 Cal. 101; *Pignaz* v. *Burnett,* 119 Cal. 157; *Thompson* v. *Alford,* 128 Cal. 227.) "

See also 3 C.J. 509, Section 339; Id. 521, Section 355; *Meis* v. *Collins,* 36 Pac. (2d) 662.

In the instant case appellant, in opposition to appellee's motion, relies on *José Martínez* v. *José Pilar,* 3 P.R.R. 135;

*Succn. of María Díaz* v. *José Avalo,* 2 P.R.R. 637; *Ríos* v. *Ríos,* 15 P.R.R. 263, and *Miranda* v. *Heirs of Alicea,* ante, page 247. The first three of these cases fail to sustain appellant's contention that the order of January 23rd was a "special order made after final judgment" within the meaning of subdivision 3 of Section 295 *supra.* The case of *Miranda* v. *Heirs of Alicea* does not establish any right of appeal other than that conferred by the statute. Appellant, in his brief on appeal, does not specify the order of January 23rd as error. The only assignment with which we are now concerned is that the district court erred in the allowance of $100 to cover costs, disbursements and attorney's fees in its order of January 4th. That the question so raised can be reviewed on appeal from the order of January 4th, is self-evident. Hence, the order of January 23rd, although made after final judgment, was not a "special order."

The appeal must be dismissed.

Mr. Justice Córdova Dávila took no part in the decision of this case.