[Civ. No. 14362.   Second Dist., Div. Two.   Feb. 8, 1944.]

J. W. NEIGHBOURS, Appellant, v. LILLIAN M. NEIGH-BOURS, Respondent.

Buel R. Wood for Appellant.

William Ellis Lady for Respondent.

McCOMB, J.—This is a motion to dismiss the appeal from an order of the trial court denying appellant's motion to set aside a previous appealable order of the court.

These are the undisputed facts:

On July 23, 1943, the superior court made an order directing the Marshal of the Municipal Court of the City of Los

Angeles to apply any moneys in his possession in satisfaction of a judgment upon which a writ of execution had theretofore been issued. This was an appealable order. (Sec. 963, Code Civ. Proc.) On August 12, 1943, the trial court denied appellant's motion to set aside its previous order of July 23, 1943.

■ Respondent relies upon this proposition:

*Since the order of July, 23, 1943, was an appealable order, the order of August 12, 1943, denying appellant's motion to set aside the previous order was nonappealable.*

This proposition is tenable. It is the general rule\* that an order refusing to vacate an appealable order is nonappealable if the grounds upon which the party sought to have the order vacated existed before the entry of the original order and were available on an appeal from such order. (*Home Owners' Loan Corp.* v. *Engelbertson,* 54 Cal.App.2d 46, 48 [128 P.2d 424]; *Meis* v. *Collins,* 1 Cal.App.2d 433, 435 [36 P.2d 662]; *Taft* v. *Security-First Nat. Bank,* 139 Cal.App. 228, 232 [33 P.2d 683]. See, also, *De La Montanya* v. *De La Montanya,* 112 Cal. 101, 118 [44 P. 345, 53 Am.St.Rep. 165, 32 L.R.A. 82].)

Applying the foregoing rule to the facts of the instant case since the alleged errors were available on appeal from the appealable order of July 23, 1943, the order of August 12, 1943, denying appellant's motion to set aside the previous order was nonappealable, as none of the exceptions to the general rule are applicable, and the purported appeal therefrom must be dismissed.

It is so ordered.

Moore, P. J., and Wood (W. J.), J., concurred.

---

\*There are certain recognized exceptions to the general rule, to wit, an appeal lies from an order:

(1) Refusing to set aside a final judgment if appellant has no other method of presenting the case to the appellate court. (*Helbush* v. *Superior Court,* 99 Cal.App. 501, 505 [278 P. 1062].)

(2) Setting aside a judgment and rendering a substituted judgment when the statute authorizes such an order. (*California Delta Farms* v. *Chinese American Farms,* 201 Cal. 201, 202 [255 P. 1097].)

(3) Refusing to set aside a previous order when the appellant was not a party to the original proceeding and could not appeal therefrom. (*Title Insurance & Trust Company* v. *California Dev. Co.,* 159 Cal. 484, 488 [114 P. 838].)