[L. A. No. 25327. In Bank. May 8, 1959.]

WALTER WILLIAMS, Appellant, v. FAIRHAVEN CEME-
TERY ASSOCIATION (a Nonprofit Corporation), Re-
spondent.

Rutan, Lindsay, Dahl, Smedegaard, Howell & Tucker, W. W. McCray and James R. Moore for Appellant.

Ball, Hunt & Hart and Clarence S. Hunt for Respondent.

McCOMB, J.—Plaintiff appeals from an order granting defendant's motion for a new trial after a jury returned a verdict in favor of plaintiff in an action to recover damages for personal injuries resulting from an explosion of a gas water heater in a hotel where he was employed as a porter.

*Facts*: Defendant, a nonprofit California corporation, is the owner of the Santa Ana Hotel in Santa Ana. On January

19, 1942, defendant entered into a written agreement with Santora Company, a corporation, wherein it was agreed that Santora would operate the hotel. Santora agreed to keep and maintain the hotel building in good condition and repair, keep the premises, fixtures and equipment insured against loss by fire, carry liability insurance, pay all taxes, assessments and utility charges, and turn over a specified portion of the income from the property to defendant. The agreement was effective for one year and was renewable by mutual consent of the parties.

Santora operated the hotel with full control and management thereof, hiring and discharging employees, and complying with the terms of the agreement until and after February 7, 1955. The record is devoid of any evidence that defendant assumed or exercised control over the hotel during this period.

On February 7, 1955, plaintiff, a porter and bellhop employed by Santora, was counting linen in the workroom of the hotel, directly above the boiler room, when an explosion occured. The next thing he knew, he was lying injured in the alley to the rear of the hotel.

The boiler room contained a heating system and two booster-type hot water heaters, which used gas for fuel and heated water that was circulated into a 500-gallon storage tank. Defendant never assumed control over these heaters and did not inspect, repair or maintain them. At all times Santora in operating the hotel either made or ordered and paid for all repairs to the equipment in the hotel. It also hired, paid, supervised and had full control of the employees working therein.

Each of the water heaters had an intake line or pipe from the storage tank equipped with valves so that the water could be shut off. The intake line fed the water into a heated coil and out through an outlet line back to the storage tank. All lines, both intake and outlet, were equipped with manually operated valves so that either or both heaters could be isolated. They were regulated by a thermostat on the storage tank, and water was circulated by thermal or heating action. Santora had the storage tank and one of the heaters replaced in 1953. This work was done under the direction of a superintendent of maintenance for Santora, who, from 1953 to 1955, inspected the boiler room at least once a week and never found either of the heaters in need of repair.

On February 8, 1955, the plumbing inspector for the city of Santa Ana, in investigating the explosion on February 7, found both booster heaters displaced, the coils ruptured, and the pipe scattered. He reassembled the plumbing and ascertained that the valves on the inlet pipe, as well as those on the outlet pipes, were closed off tight, resulting in completely shutting off the circulation of water through both heaters. In his opinion the explosion was caused by all the valves being closed, with the result that there was no water circulation of any kind and the building up of pressure caused the coils to blow up.

Walter H. Ward, employed by Santora as maintenance man for the hotel, testified that for several weeks prior to the explosion he had not noticed anything out of the ordinary in connection with the hot water heating system and that it was functioning continuously during the hours he worked at the hotel; that on February 7, 1955, he found there was a leak in a hot water pipe above the third floor ceiling; that he had a pipe cut in the shop to repair the leak and then went down to the boiler room to cut the water off; that he shut off some water valves near the booster heaters and on a second trip to the boiler room he shut off more valves to cut the pressure off the hot water; that he did not do anything in closing the gas valves or changing the thermostat controls and when he left the boiler room both main burners were burning; and that he then went up to repair the pipe and while he was disconnecting it the explosion occurred.

At the close of the trial defendant made motions for a nonsuit and a directed verdict, which were denied. After the verdict defendant made a motion for judgment notwithstanding the verdict and, in the alternative, a motion for a new trial. The trial court denied the motion for judgment notwithstanding the verdict and granted the motion for a new trial without specifying the grounds upon which this motion was granted.

Under section 629 of the Code of Civil Procedure an appeal does not lie from an order denying a motion for judgment notwithstanding the verdict, but when the adverse party appeals from an order granting a new trial, the order denying the motion for judgment notwithstanding the verdict may be reviewed on such appeal. (*Estate of Green,* 25 Cal.2d 535, 545 [6] [154 P.2d 692].)

This question is presented in reviewing the trial court's order denying defendant's motion for judgment not-

withstanding the verdict: *Was the evidence insufficient to sustain the verdict and judgment in favor of plaintiff?*

*Yes.* The uncontradicted evidence is that Santora operated and maintained the hotel, hired and discharged the employees, repaired the premises, installed and paid for replacements in the equipment, kept the records, maintained the insurance, and did all things necessary to keep up the premises. There is a total absence of any evidence that defendant took possession of the hotel or interfered with the control of the premises by Santora in any manner whatever.

 Plaintiff argues that section 16905 of the Health and Safety Code, which provides that ''Every gas vent, gas water heater, or other gas appliance shall be maintained in good repair,'' imposed upon defendant, as owner of the premises, a nondelegable duty to maintain the heaters in a reasonably safe condition. He further argues that a landowner owes a duty to an employee of an independent contractor to provide that employee with a reasonably safe place in which to work.

These contentions are devoid of merit, for the reason that there is no evidence in the record indicating that the heaters were not maintained in reasonably good repair. All the evidence is that they were in good repair and that the explosion occurred as the result of Mr. Ward's closing the valves and confining water in heaters subject to heat from burners.

 It is conceded by the parties that Santora was an independent contractor. In *McDonald* v. *Shell Oil Co.*, 44 Cal. 2d 785, 788 [2] et seq. [285 P.2d 902], this court said: ''The general supervisory right to control the work so as to insure its satisfactory completion in accordance with the terms of the contract does not make the hirer of the independent contractor liable for the latter's negligent acts in performing the details of the work. (*Green* v. *Soule,* 145 Cal. 96, 99-100 [78 P. 337].) An owner is not liable for injuries resulting from defective appliances unless he has supplied them or has the privilege of selecting them or the materials out of which they are made (*Hard* v. *Hollywood Turf Club,* 112 Cal.App. 2d 263, 274-275 [246 P.2d 716]) or unless he exercises active control over the men employed or the operations of the equipment used by the independent contractor. (*Willis* v. *San Bernardino Lbr. & Box Co.,* 82 Cal.App. 751, 756 [256 P. 224].)'' (See also *Sabin* v. *Union Oil Co.,* 150 Cal.App. 2d 606, 608 [1] [310 P.2d 685].)

Plaintiff was an employee of Santora, which by agreement

had assumed the duty of maintaining the hotel in a reasonably safe condition. At the time Santora assumed that duty the premises and equipment were in a safe condition.

*Snyder* v. *Southern Cal. Edison Co.*, 44 Cal.2d 793 [285 P.2d 912]; *Dobbie* v. *Pacific Gas & Electric Co.*, 95 Cal.App. 781 [273 P. 630]; *Bazzoli* v. *Nance's Sanitarium, Inc.*, 109 Cal.App.2d 232 [240 P.2d 672]; *Freeman* v. *Nickerson*, 77 Cal.App.2d 40 [174 P.2d 688]; and *Bickham* v. *Southern Calif. Edison Co.*, 120 Cal.App.2d 815 [263 P.2d 32], relied on by plaintiff, are not here applicable.

In the Snyder case, *supra*, the Edison company entered into a contract with an independent contractor who agreed to repair and construct power lines for the company on its premises. While plaintiffs, as line men, were installing switches at the top of a wire supporting pole, the pole, which had been installed by the contractor, fell to the ground, injuring the plaintiffs. It was held that the Edison company was responsible for the installation of the pole and its maintenance; that where an activity involving possible danger to the public is carried on under public franchise or authority the one engaging in the activity may not delegate to an independent contractor the duties or liabilities imposed upon him by the public authority; and that where the law imposes a definite affirmative duty upon one by reason of his relationship with others, whether as owner or proprietor of land or chattels, or in some other capacity, such persons cannot escape liability for a failure to perform the duty thus imposed by entrusting it to an independent contractor. ▆ In the present case, repairing the leaky hot water pipe by Mr. Ward was not authorized by defendant, and defendant exercised no control over the repair and maintenance of the hot water system in the hotel. Therefore, defendant was not liable. (See *McDonald* v. *Shell Oil Co., supra.*)

In *Dobbie* v. *Pacific Gas & Electric Co., supra,* it was held that the owner of premises is not an insurer of the safety of an invitee, but owes him the duty to exercise ordinary care in seeing that the premises are in a safe condition, and that the invitee may recover from the owner for any injuries received owing to the dangerous condition of the premises known to the owner and not to the invitee. In the instant case, the evidence disclosed that defendant did not know of the unsafe condition of the premises.

In *Bazzoli* v. *Nance's Sanitarium, Inc., supra,* a cement contractor undertaking to do certain work for the sanitarium

on its premises was held to be a business visitor, toward whom the sanitarium and its servants must exercise ordinary care to keep the premises in a reasonably safe condition. In the instant case, plaintiff was not an invitee of defendant.

In *Freeman* v. *Nickerson, supra,* again there was an invitee, and the court held that it was the duty of the owner to advise the invitee of dangers known to the owner and not reasonably apparent to the invitee.

Finally, in *Bickham* v. *Southern Calif. Edison Co., supra,* it was held that the plaintiff, as an employee of the contractor, was engaged in work which was of mutual advantage to himself and defendant, and was therefore an invitee, and that it was the defendant's duty to furnish him a safe place in which to work. In the present case, the evidence shows that the explosion did not occur as the result of defendant's failure to furnish a reasonably safe place for plaintiff to work but that it was occasioned by the negligence of Mr. Ward, an employee of Santora, over whom defendant had no control. It is thus clear that the evidence in the present case, which is without conflict on any material point, was insufficient to support a judgment for plaintiff. Therefore, the motion for judgment notwithstanding the verdict should have been granted by the trial court.

The order granting a new trial is reversed. The trial court is instructed to vacate the judgment for plaintiff, order that defendant's motion for judgment notwithstanding the verdict be granted, enter judgment hereon, and order that defendant's motion for a new trial be denied, defendant to recover costs upon appeal.

Gibson, C. J., Shenk, J., Traynor, J., Schauer, J., Spence, J., and Peters, J., concurred.

Appellant's petition for a rehearing was denied June 3, 1959.