[Civ. No. 19851.   First Dist., Div. Two.   Feb. 15, 1962.]

ANGELO SANGIACOMO, Plaintiff and Appellant, v. BEAUMONT FURNACE AND SHEET METAL CORPORATION, Defendant and Respondent; SAN CARLOS MANUFACTURING COMPANY, Defendant, Cross-defendant and Appellant; HEIECK AND MORAN, Cross-defendant and Appellant.

Low & Ball for Plaintiff and Appellant.

Worthington, Fields & Worthington for Defendant, Cross-defendant and Appellant.

Boyd, Taylor, Nave & Flageollet for Cross-defendant and Appellant.

Raymond H. Levy for Defendant and Respondent.

AGEE, J.—This is an appeal by plaintiff and cross-defendants San Carlos Manufacturing Company and Heieck & Moran from an order made on December 5, 1960, granting a new trial to defendant Beaumont Furnace and Sheet Metal Corporation on plaintiff's complaint and its answer thereto and granting a new trial on Beaumont's cross-complaint and the respective answers thereto of cross-defendants San Carlos Manufacturing Company and Heieck & Moran.

Plaintiff owned an apartment building which was damaged by a fire which his complaint alleges resulted from the negligent installation of a wall heater by defendant Beaumont Furnace and Sheet Metal Corporation and the defective and negligent manufacture of said heater by defendant San Carlos Manufacturing Company. Beaumont cross-complained against San Carlos and cross-defendant Heieck & Moran, the distributor, on the theory that, if the heater was defectively manufactured, Beaumont should be indemnified by them as against plaintiff's claim.

The jury returned a verdict of $4,289.60 in favor of plaintiff as against Beaumont on the complaint, and a verdict in favor of San Carlos and Heieck & Moran on Beaumont's cross-complaint. It would thus appear from the verdicts that the jury found that the heater had been negligently installed but not defectively manufactured.

Immediately following the return of the verdicts and the discharge of the jury, the following took place: "MR. LEVY [counsel for Beaumont] : If your Honor please, at this point we are going to ask for a judgment n.o.v. I would respectfully submit that it would be idle for me to reiterate the evidence which this Court has heard but I would respectfully submit that there should be a judgment n.o.v. entered in this instance in favor of Beaumont if based only upon one fact and say the total usage and continued usage of this equipment after inspection was five months during which, it was the honest opinion of all I would say with the exception of one, that if there was anything wrong that it should be discovered, and also due to the fact of tampering and lack of proof as evidenced by the City and the P. G. and E. THE COURT: The judgment n.o.v. is the abbreviation for judgment notwithstanding the verdict; is that what you mean by n.o.v.? MR. LEVY: That's correct. Non obstante veredicto. THE COURT: We call it notwithstanding the verdict. The judgment for n.o.v. or judgment notwithstanding the verdict is denied.

Mr. Levy: We also would like an alternate motion if your Honor please, that being for judgment for indemnification over and against the cross-defendants.[1] I won't labor the issue. The Court: That motion is denied. Mr. Levy: We will follow it with other motion in affidavit later, your Honor. The Court: Do you want a stay of execution? Mr. Levy: Yes. A stay of execution if your Honor please. A stay of execution until ten days after the motion for a new trial. The Court: You want a stay of execution. Execution stayed until ten days after the determination of the motion for new trial. Mr. Levy: Thank you, your Honor.''

The sole question on this appeal is whether Beaumont's right to apply for a new trial after the above proceedings had taken place was waived by the provisions of section 629 of the Code of Civil Procedure.

The second paragraph of said section, as enacted in 1951, provides: ''A motion for judgment notwithstanding such verdict may also be *made in the alternative form,* either before or after the entry of judgment, *asking therefor and reserving, if that be denied, the right to apply for a new trial,* and if made after the entry of judgment such motion shall be made within the period specified by Section 659 of this code in respect of the filing and serving of notice of intention to move for a new trial. *If such reservation is not made contemporaneously with the motion for judgment notwithstanding the verdict, the right to apply for a new trial shall be waived''* (emphasis ours).[2]

The last sentence quoted above was added in 1951. Prior thereto, the provision that a motion for judgment notwithstanding a verdict might be made in the alternative, reserving the right to move for a new trial if the motion for judgment was denied, did not effect a waiver of such right although the reservation was not made. (*Fink* v. *Superior Court,* 105 Cal. App. 540, 545 [288 P. 124, 289 P. 209].)

There have been three appellate decisions dealing with this sentence. In *Estate of Jackson,* 157 Cal.App.2d 198 [320 P.2d 563], the lower court refused to hear motions for a new trial

---

[1] We interpret this to be a motion for judgment notwithstanding the verdict rendered in favor of cross-defendants.

[2] This sentence was deleted by amendment to section 629, effective September 15, 1961, but is not retroactive and does not apply to the instant case. (Code Civ. Proc., § 3, and *Barry* v. *Barry,* 124 Cal.App.2d 107, 112 [268 P.2d 147].) However, the problem involved herein cannot again arise.

on the ground that the right to make the same had been waived by failure to include the reservation in the original motions for judgment notwithstanding the verdict. This ruling was affirmed on appeal. The opinion stated, at page 204: "Section 629 of the Code of Civil Procedure as amended in 1951 seems quite clearly to require a party, when moving for judgment notwithstanding the verdict, to couch it in the alternative form if he wishes to preserve his right to a new trial. It says that '[if] such reservation is not made contemporaneously with the motion for judgment notwithstanding the verdict, the right to apply for a new trial shall be waived.' That, it would seem, is too clear to require interpretation."

In *White* v. *Tacoma Lumber Sales, Inc.*, 192 Cal.App.2d 615 [13 Cal.Rptr. 708], the facts were stated as follows: "Before the entry of the judgment appellants made a motion for judgment notwithstanding the verdict. They did not at that time reserve the right to apply for a new trial. However, a week later they filed a notice of motion for a new trial. The trial court struck this motion and denied the motion for judgment notwithstanding the verdict." This was held not to be error, the court saying: "Appellants waived the right to apply for a new trial by failing to contemporaneously reserve such right at the time they made a motion for judgment notwithstanding the verdict."

Neither of these two cases involved a factual situation such as that presented in the instant case. Neither involved any attempt, either express or implied, to make a reservation of the right to apply for a new trial at the time of the making of the motion for judgment notwithstanding the verdict. However, the third case does involve substantially the same factual situation as that presented herein.

In *Agnew* v. *Cronin*, 197 Cal.App.2d 535 [17 Cal.Rptr. 273] (Nov. 30, 1961) the plaintiff-appellant therein, appealing from an order granting a new trial, made the contention, just as in the instant case, that "defendants waived their right to move for a new trial by having failed to reserve that right at the time they moved for judgment notwithstanding the verdict, in accordance with the provisions of section 629, Code of Civil Procedure." (P. 541.) The record came up on a settled statement, stipulated to by defendants. It states therein that defendants' counsel orally moved for judgment notwithstanding the verdict and that such motion was forthwith argued and denied; that counsel " 'then move[d] the

court to stay execution of the judgment for ten days from a determination of a motion for new trial that may be filed, and the court grants the motion for stay of execution.'" (Footnote 8, p. 541.) The opinion states: "From this it is apparent that a motion for a new trial was contemplated by all parties and the court. Plaintiff had notice thereof and so could not have been taken by surprise later when such motion was made." The order granting the new trial was affirmed. The Supreme Court unanimously denied a hearing, thus approving of the conclusion reached by the District Court of Appeal. (*DiGenova* v. *State Board of Education,* 57 Cal.2d 167, 178 [18 Cal.Rptr. 369, 367 P.2d 865].)

We reach the same conclusion on a record stronger than that in the *Agnew* case. Within a few minutes after the verdicts were returned defendant's counsel moved for judgment notwithstanding the verdicts, which motions were denied forthwith. He immediately indicated that he would move for a new trial. This was the court's understanding, as evidenced by its reply: "Execution stayed until ten days after the determination of the motion for new trial." That counsel for appellants had the same understanding is manifested by their silence at the time and the failure of the record to disclose any objection to the hearing of respondent's motion for new trial at the time it was made. In the *Agnew* case, counsel only went so far as to say that a motion for a new trial "*may* be filed*" (emphasis added).

We think that there was a sufficient compliance with the since deleted reservation provision of section 629. Such holding is not in conflict with either *Jackson* or *White.* In *Jackson,* the reservation of the right to move for a new trial was said to be required "*when moving* for judgment notwithstanding the verdict" (p. 204) and in *White* a waiver of the right to so move was said to be effected by failure "to contemporaneously reserve such right *at the time* they made a motion for judgment notwithstanding the verdict." There was a clear gap in time in both *Jackson* and *White* between the making of the motion for judgment notwithstanding the verdict and the statement of intention to move for a new trial. In the instant case, the right to move for a new trial was sufficiently reserved within the meaning of section 629 as it then existed. (All emphasis in this paragraph added.)

Order granting new trial affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.