[Civ. No. 25872.   Second Dist., Div. Four.   Mar. 30, 1962.]

LEE ALVIN JOHNSON, a Minor, etc., Plaintiff and Appellant, v. CROSMAN ARMS COMPANY, INC., Defendant and Respondent.

Martin, Hahn & Camusi and William P. Camusi for Plaintiff and Appellant.

Schell & Delamer and Richard B. Goethals for Defendant and Respondent.

BALTHIS, J.—This appeal is from an order made granting defendant Crosman Arms Company, Inc., a new trial. The action was to recover for personal injuries and the jury returned its verdict for plaintiff. Immediately upon the return of the jury verdict, defendant's counsel orally moved for a judgment notwithstanding the verdict, requesting that argument thereon be held in abeyance and be heard in conjunction with a motion for new trial. After a discussion by the court and counsel with regard to the motion for judgment notwith-

standing the verdict, the court directed the clerk to make a minute order which indicated defendant reserved the right to move for a new trial. Later, defendant filed its notice of a motion for judgment notwithstanding verdict or, in the alternative, for a new trial. Upon the hearing the trial court denied the motion for judgment notwithstanding verdict and made its order granting defendant's motion for a new trial. Plaintiff has appealed from such order on the ground that defendant's right to move for a new trial had been waived.

Plaintiff's contention on appeal is that defendant, in moving for judgment notwithstanding verdict, waived its right to move for a new trial by failing to move for judgment in the alternative form, asking therefor and reserving, if that be denied, the right to apply for a new trial.

On the date the oral motion for judgment notwithstanding the verdict was made, April 17, 1961, the second paragraph of section 629 of the Code of Civil Procedure read as follows:

"A motion for judgment notwithstanding such verdict may also be made in the alternative form, either before or after the entry of judgment, asking therefor and reserving, if that be denied, the right to apply for a new trial, and if made after the entry of judgment such motion shall be made within the period specified by Section 659 of this code in respect of the filing and serving of notice of intention to move for a new trial. *If such reservation is not made contemporaneously with the motion for judgment notwithstanding the verdict, the right to apply for a new trial shall be waived. . . .*" [Italics added.]*

Plaintiff takes the position that regardless of the minute order made by the clerk when defendant's counsel moved orally for a judgment notwithstanding the verdict no reservation was made as to the right to move for a new trial; that unless such reservation is made it is clear from the statute mentioned that the right to apply for a new trial is waived.

The reporter's transcript indicates that after the jury rendered its verdict and was dismissed defendant's counsel requested permission to ". . . first make an oral motion . . . for a judgment notwithstanding the verdict," which he explained ". . . will be supplemented by a motion for new trial . . ." to be filed later.

The court granted permission stating: "I take it you are in effect making your motion for judgment notwithstanding the

---

*The sentence italicized was deleted by amendment to section 629 effective September 15, 1961 (Stats. 1961, ch. 604).

verdict now, with the understanding that argument thereon will be continued over, to be heard with and in conjunction with the motion for new trial.''

Upon affirmation by defendant's counsel that this was his intention the court directed an appropriate minute entry be made which was complied with by the clerk.

Plaintiff relies on the case of *Estate of Jackson*, 157 Cal. App.2d 198 [320 P.2d 563], to support his argument that defendant did not reserve his right to move for a new trial. In that case, two of the appellants had made, and the court denied, motions for judgment notwithstanding the verdict. Neither party moved in the alternative by asking and reserving the right to apply for a new trial. The trial court therefore refused to hear the motion for a new trial ''upon the ground of waiver evinced by failure to make the original, the oral, motions in the alternative.'' (157 Cal.App.2d at p. 203.) The appellate court concluded that there had been a waiver of the right to apply for a new trial.

In a later case, *White* v. *Tacoma Lumber Sales, Inc.*, 192 Cal.App.2d 615 [13 Cal.Rptr. 708], before the entry of judgment, appellants made a motion for judgment notwithstanding the verdict. They did not at that time reserve the right to apply for a new trial. Later, they filed a notice of motion for a new trial and the trial court struck such motions and denied the motion for judgment notwithstanding the verdict. The appellate court followed the case of *Estate of Jackson, supra*, 157 Cal.App.2d 198, above mentioned, holding that appellants had waived the right to apply for a new trial by failing to contemporaneously reserve such right at the time they made a motion for judgment notwithstanding the verdict.

In two more recent cases the appellate courts have passed upon the same question but have reached a different result. In *Agnew* v. *Cronin*, 197 Cal.App.2d 535 [17 Cal.Rptr. 273], (November 30, 1961) plaintiff contended that defendants had waived their right to move for a new trial by having failed to reserve that right at the time they moved for judgment notwithstanding the verdict in accordance with the provisions of section 629 of the Code of Civil Procedure. The court held that the right to move for a new trial was not waived, saying at pages 535, 541: ''The record before us does not purport to give the verbatim form of the motion (which was oral) for judgment notwithstanding the verdict. The minutes of the court simply recite that such a motion

was argued and denied. The minutes then recite that 'Defendants' motion for a stay of execution for 10 days from the determination of a motion for a new trial is granted.' From this it is apparent that a motion for a new trial was contemplated by all parties and the court. Plaintiff had notice thereof and so could not have been taken by surprise later when such motion was made.''

In *Sangiacomo* v. *Beaumont Furnace & Sheet Metal Corp.*, 200 Cal.App.2d 286 [19 Cal.Rptr. 205], (February 15, 1962), plaintiff appealed from an order granting a new trial to defendant. The court had before it the question of whether defendant's right to apply for a new trial had been waived by reason of the provision of section 629 of the Code of Civil Procedure. In that case, defendant's counsel made the oral motion for judgment notwithstanding the verdict and, after denial by the court, this was followed by the following discussion: (200 Cal.App.2d 286, 288 [19 Cal.Rptr. 205])

''MR. LEVY: We will follow it with other motion in affidavit later, your Honor.

''THE COURT: Do you want a stay of execution?

''MR. LEVY: Yes. A stay of execution if your Honor please. A stay of execution until ten days after the motion for a new trial.

''THE COURT: You want a stay of execution. Execution stayed until ten days after the determination of the motion for new trial.

''MR. LEVY: Thank you, your Honor.''

The court followed the decision in *Agnew* v. *Cronin*, 197 Cal.App.2d 535, *supra*. Defendant's counsel had made a sufficient indication of his intention to apply for a new trial and the court held that this was a substantial compliance with the requirements of section 629. The court said, at pages 286, 290: ''We reach the same conclusion on a record stronger than that in the *Agnew* case. Within a few minutes after the verdicts were returned defendant's counsel moved for judgment notwithstanding the verdicts, which motions were denied forthwith. He immediately indicated that he would move for a new trial. This was the court's understanding, as evidenced by its reply: 'Execution stayed until ten days after the determination of the motion for new trial.' That counsel for appellants had the same understanding is manifested by their silence at the time and the failure of the record to disclose any objection to the hearing of respondent's motion for new trial at the time it was made. In the *Agnew*

case, counsel only went so far as to say that a motion for a new trial 'may be filed' (emphasis added).

"We think that there was a sufficient compliance with the since deleted reservation provision of section 629. Such holding is not in conflict with either *Jackson* or *White*. In *Jackson*, the reservation of the right to move for a new trial was said to be required *'when moving* for judgment notwithstanding the verdict' . . . and in *White* a waiver of the right to so move was said to be effected by failure 'to contemporaneously reserve such right *at the time* they made a motion for judgment notwithstanding the verdict.' There was a clear gap in time in both *Jackson* and *White* between the making of the motion for judgment notwithstanding the verdict and the statement of intention to move for a new trial. In the instant case, the right to move for a new trial was sufficiently reserved within the meaning of section 629 as it then existed. (All emphasis in this paragraph added.)"

■ In the instant case, there was a clear indication by defendant's counsel that he intended to move for a new trial because he expressly stated to the court that he would argue both motions at the same time. Defendant's counsel further indicated his agreement with the court when the court directed that the minute order show in substance that defendant reserved his right to move for a new trial.

We conclude that defendant complied sufficiently with the second paragraph of section 629 of the Code of Civil Procedure as that section then stood. The order granting defendant a new trial is affirmed.

Burke, P. J., and Jefferson, J., concurred.